UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

EL DORADO COUNTY, CALIFORNIA; and CITY OF SOUTH LAKE TAHOE, CALIFORNIA,

       Defendants.
_____

AND ALL RELATED CROSS-ACTIONS, COUNTER-ACTIONS, THIRD-PARTY ACTIONS, AND FOURTH-PARTY ACTIONS

NO. CIV. S 01-1520 MCE GGH

ORDER

----oo0oo----

Presently before the Court is the Motion of Fourth-Party Plaintiff South Tahoe Public Utility District ("District") for an order directing Fourth Party Defendants United States of America; United States Department of Agriculture Forest Service; Ann M. Veneman, former Secretary of the United States Department of Agriculture; Jack Blackwell, Regional Forester of Region 5 of the Forest Service, and Maribeth Gustafson, former Forest Supervisor,

1

Lake Tahoe Basin Management Unit of the Forest Service (hereinafter collectively referred to as the "Government") to prepare and file a complete and official administrative record of its proceedings related to the subject matter of the District's Fourth-Party Complaint. Said Fourth-Party Complaint arises out of the Government's alleged refusal to renew a special use permit issued to the District for the installation, maintenance and operation of sewer lines serving residences and businesses in the South Lake Tahoe, California area.

It is axiomatic that judicial review of a decision like the one at issue herein generally involves an assessment of the administrative record prepared in connection with the decision. *See* 5 U.S.C. § 706; <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743-44 (1985). Nonetheless, in opposing the District's request for preparation of the administrative record in order to adjudicate its claims, the Government contends that the Court should refrain from ordering that said record be prepared until after the Court rules on the Government's pending Motion to Dismiss the District's Fourth-Party Complaint. In its Motion to Dismiss, the Government contends that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because judicial review under the Administrative Procedures Act ("APA") is permitted only following "final agency action". *See* <u>Montana Wilderness Assoc. v. U.S. Forest Service</u>, 314 F.3d 1146, 1149 (9th Cir. 2003). The government argues that because no such action was taken with respect to the District's permit, the Court is divested of jurisdiction. Consequently, according to the Government, it would be pointless to prepare an

2

1  administrative record on a matter not properly before the Court
2  in the first instance.
3      The District, in response, alleges that without a complete
4  record the Court cannot properly rule on the Government's motion,
5  and would instead be relegated to deciding the motion on the
6  basis of selected documents as attached to the Declaration of
7  Gary Weigel in Support of the Motion to Dismiss.
8      The Court agrees with the position advanced by the District.
9  The Government's Motion to Dismiss presents a factual attack on
10 the Court's subject matter jurisdiction by disputing the truth of
11 the allegations upon which jurisdiction is based (i.e., that
12 "final agency action" was indeed taken in this case).  *See* Wolfe
13 v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  Such a factual
14 attack permits the Court to go beyond the pleadings and examine
15 "relevant evidence" in order to resolve factual disputes.
16 Shibayama v. United States, 55 Fed. Cl. 720, 830 (2002).  Such
17 "relevant evidence", in an APA action like the present matter, is
18 the administrative record.  Onnen v. United States, 524 F.Supp.
19 1079, 1084 (D. Neb. 1981).   Moreover, a dispositive motion in
20 the instant matter not based on substantive review of the
21 underlying administrative record would be improper in any event.
22 *See* Olenhouse v. Commodity Credit Corp. 42 F.3d 1560, 1580 (10th
23 Cir. 1994).  The record should consequently be prepared in
24 advance of any ruling on the Government's Motion to Dismiss,
25 which presently is set to be heard on September 26, 2005.
26 //
27 //
28 //

1  The District's Motion is therefore GRANTED.[1]  The Government
2  shall prepare the administrative record of the proceedings in
3  this matter that includes, but is not limited to, all documents,
4  transcripts, minutes of meetings, notices, permits,
5  correspondence, reports, studies, proposed decisions, final
6  decisions, findings, conditions and any other documents or
7  records relating to the following determinations and actions:

   1. Amendment, issued on or about January 8, 2001, to
      the 1992 Special Use Permit, issued on or about January 6,
      1992, by the Government to the District to use Forest
      Service land for the District's sewer lines ("1992 Special
      Use Permit");
   2. The Government's May 5, 2003 written decision not
      to renew the District's special use authorization for its
      sewer lines located on Forest Service land;
   3. The District's Appeal of Forest Supervisor's
      Refusal to Renew Special Use Authorization and Request for
      Stay dated June 17, 2003 ("Appeal and Request for Stay");
   4. Fourth-Party Defendant Regional Forester Jack
      Blackwell's dismissal of the District's Appeal and Request
      for Stay, which dismissal was issued on or about July 15,
      2003;
   5. The District's August 14, 2003 request to Fourth-
      Party Defendant Dale Bosworth, Chief of the Forest Service,

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

to exercise administrative review of the dismissal of the District's Appeal and Request for stay; and

      6.  Fourth-Party Defendant Chief of the Forest Service Dale Bosworth's failure to exercise administrative review of the dismissal of the District's Appeal and Request for Stay.

Said administrative record shall be completed, served and filed within thirty (30) days from the date of this Order.

IT IS SO ORDERED.

DATED: July 21, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE