STEVEN L. HOCH (State Bar No. 059505)
GARY M. KVISTAD (State Bar No. 121869)
ROBIN L. LEWIS (State Bar No. 199077)
HATCH & PARENT, A Law Corporation
21 East Carrillo Street
Santa Barbara, CA 93101
Telephone:   (805) 963-7000
Facsimile:   (805) 965-4333

Attorneys for Third-Party Defendant/Fourth-Party Plaintiff SOUTH TAHOE PUBLIC UTILITY DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY, CALIFORNIA; and CITY OF SOUTH LAKE TAHOE, CALIFORNIA,<br><br>　　　　Defendants. | Case No.  2:01-cv-1520-MCE-GGH<br><br>**STIPULATION TO TAKE PENDING FOURTH-PARTY MOTIONS OFF CALENDAR; ORDER THEREON**<br><br>DATE:　February 6, 2006<br>TIME:　9:00 a.m.<br>CTRM:　3 |
| EL DORADO COUNTY,<br><br>　　　　Third-Party Plaintiff,<br><br>v.<br><br>DOUGLAS COUNTY, et al.,<br><br>　　　　Third-Party Defendants. | |
| AND ALL RELATED COUNTER, CROSS AND FOURTH-PARTY ACTIONS | |

　　　　This Stipulation and Agreement is entered into on this 20th day of January, 2006, by and between South Tahoe Public Utility District ("District"), on the one hand, and the United States of America ("United States") and the United States Department of Agriculture Forest Service ("Forest Service"), on the other hand (collectively "the Government"), with reference to the following facts and intentions:

A. The Meyers Landfill Site ("Site"), which is the subject of the above-captioned litigation, is located within federally owned lands administered by the Forest Service in the Forest Service's Lake Tahoe Basin Management Unit, South Lake Tahoe, California, approximately 2 miles northeast of the community of Meyers, California.

B. The District provides sewer service to an area located in South Lake Tahoe and portions of El Dorado County, California.

C. On or about January 10, 1968, the Forest Service issued a special use permit and, as alleged by the District and disputed by the Government, granted easements (collectively "special use permit") in favor of the District for the purpose of installing and maintaining sanitary sewers and appurtenances, together with the rights of ingress and egress therefor. The special use permit granted by the Forest Service to the District in January 1968 was subsequently amended in December 1968 to include the installation of the District's Trout Creek Trunk sewer line, a portion of which now lies within the Site ("Site portion").

D. On or about January 6, 1992, the Forest Service issued a special use permit ("1992 Special Use Permit") that provided authorization in one permit for the District's sewer lines going through National Forest System lands.

E. The Forest Service initiated a currently ongoing response action to address the release of hazardous substances at the Site ("Response Action"). An alternative for the cleanup and remediation of the Site has not yet been selected. One of the issues being evaluated in the Site investigation is whether or not the Site portion of the District's sewer line must be relocated.

F. On January 14, 2005, the District filed its Fourth-Party Complaint for Declaratory and Injunctive Relief and Other Remedies Under Administrative Procedure Act against the Government. The Fourth-Party Complaint arises out issues concerning the 1992 Special Use Permit.

G. On May 17, 2005, the District filed its Motion for Order to Prepare the Administrative Record for the Fourth Party Action.

H. On June 3, 2005, the Government filed its Opposition to Fourth Party Plaintiff's Motion for Order to Prepare Administrative Record.

I. On June 7, 2005, the Government filed its Motion to Dismiss [the Fourth Party Complaint]; Or in the Alternative, for Partial or Complete Summary Judgment.

J. On July 21, 2005, issued its order granting the District's Motion for Order to Prepare the Administrative Record and further ordering the Government to prepare the administrative record of the proceedings in this matter "in advance of any ruling on the Government's Motion to Dismiss." (July 21, 2005 Order, 3:19-25.) The Court held that "a dispositive motion in the instant matter not based on substantive review of the underlying administrative record would be improper in any event." (July 21, 2005 Order, 3:19-25.)

K. On or about August 17, 2005, the Government filed two documents in response to the Court's July 21, 2005 order to prepare an administrative record: "Notice of Filing Administrative Record for 1992 Special Use Permit Amendment No. 2" and the "Notice of Filing Relevant Documents for May 5, 2003 Letter in Response to Court Order Vol. 1." The Government filed an amended version of these documents on August 18, 2005. (*See* Government's Amended Notice of Filing Administrative Record For 1992 Special Use Permit Amendment No. 2 and Amended Notice of Filing Relevant Documents for May 5, 2003 Letter In Response To Court Order Vol. 1.)

L. On September 16, 2005, the District filed its Motion to Strike Relevant Documents filed by Fourth-Party Defendants.

M. On September 19, 2005, the District filed its Motion to Supplement Fourth-Party Defendants' Administrative Record.

N. Pursuant to a Stipulation to Continue Hearing re Fourth-Party Plaintiff's Motion to Strike Relevant Documents and a Stipulation to Continue Hearing re Fourth Party Plaintiff's Motion to Supplement Administrative Record and orders entered thereon by this Court, the hearings on the District's pending Motion to Strike and Motion to Supplement are currently scheduled for February 6, 2006 at 9:00 a.m.

O. Pursuant to a Stipulation to Continue Hearing re Fourth-Party Defendants' Motion to Dismiss and order entered thereon by this Court, the hearing on the Government's pending Motion to Dismiss is currently scheduled for March 20, 2006 at 9:00 a.m.

P. The District and the Government agree that it would be in both of their best interests to delay the determination of the issues raised in the pending Government's Motion to Dismiss until after the selection of the alternative in the Response Action.

THEREFORE, IT IS HEREBY STIPULATED by and between the District, on the one hand, and the United States and the Forest Service, on the other hand, as follows:

1. The Government's Motion to Dismiss, as referenced above, shall be taken off calendar without prejudice and subject to 60-day notice, providing that the Government's Motion to Dismiss shall not be heard and determined before the District's pending Motion to Strike and Motion to Supplement.

2. The District's pending Motion to Strike and Motion to Supplement, as referenced above, shall be taken off calendar without prejudice and subject to a 30-day notice, providing that these motions shall be heard and determined before the Government's Motion to Dismiss is heard and determined.

DATED: January \_\_\_\_\_, 2006     HATCH & PARENT
                                  STEVEN L. HOCH
                                  GARY M. KVISTAD


                                  By:/s/ Robin L. Lewis
                                     ROBIN L. LEWIS
                                     Attorneys for Third-Party Defendant/Fourth-
                                     Party Plaintiff SOUTH TAHOE PUBLIC
                                     UTILITY DISTRICT

DATED: January \_\_\_\_\_, 2006     MCGREGOR W. SCOTT, UNITED STATES
                                  ATTORNEY


                                  By:/s/ Edmund F. Brennan
                                     Edmund F. Brennan
                                     Attorneys for Plaintiff/Fourth-Party Defendant
                                     UNITED STATES OF AMERICA

ORDER

IT IS SO ORDERED

Dated: January 24, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE