ANN M. MURRAY, State Bar No. 118284
WILLIAM T. CHISUM, State Bar No. 142580
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
400 Capitol Mall, 27th Floor
Sacramento, CA  95814-4416
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Third-Party Defendant
LAKE TAHOE UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY, CALIFORNIA, ET AL.,<br><br>Defendants. | CASE NO.:  2:01-cv-01520-MCE-GCH<br><br>**STIPULATION RE CONTINUANCE OF COURT'S PRETRIAL SCHEDULING ORDER AND ORDER THEREON** |
| AND RELATED ACTIONS. | |

The parties, except for Third-Party Defendant Barton Healthcare System, have met with the Court appointed Special Master, Catherine Yanni, on several occasions, exchanged detailed briefs and other correspondence including cost allocation models and proposals.  After several meetings, certain Third-Party Defendants[1] and Third-Party Plaintiff El Dorado County determined it was appropriate to retain an additional mediator to focus directly on the disputes between them.

---

[1] Douglas County, Nevada, Lake Tahoe Unified School District, The Hertz Corporation, Raley's, Harrah's Operating Company, Inc., Harveys Tahoe Management Company, Inc., Heavenly Valley Ski & Resort and Heavenly Valley, Sierra Pacific Power Company, and Safeway Inc. (collectively "Settling Third-Party Defendants").

PDF created with pdfFactory trial version www.pdffactory.com

1  Accordingly, the Settling Third Party-Defendants and El Dorado County retained Randall Wulff
2  as mediator, and a mediation session was held with Mr. Wulff.  As a result of this session, the
3  Settling Third Party-Defendants reached an agreement as to the terms of a settlement with the
4  United States, El Dorado County, the City of South Lake Tahoe and South Tahoe Refuse
5  (collectively "Settling Parties"), which terms are embodied in a proposed Consent Decree
6  currently under review by the United States Environmental Protection Agency ("EPA").  Upon
7  Court approval, the Consent Decree will dispose of any and all pending claims, cross-claims and
8  counter-claims between the Settling Third-Party Defendants, on the one hand, and the United
9  States, El Dorado County, the City of South Lake Tahoe and South Tahoe Refuse on the other.

10          In the meantime, the City of South Lake Tahoe, El Dorado County, South Tahoe Refuse,
11  South Tahoe Public Utility District and the United States are continuing their mediation efforts
12  with the assistance of the Special Master, Ms. Yanni.

13          The Settling Parties have completed negotiating and drafting the proposed Consent
14  Decree.  The Settling Third-Party Defendants, El Dorado County, the City of South Lake Tahoe
15  and South Tahoe Refuse have reviewed, approved, and executed the proposed Consent Decree.
16  Review and preliminary approval of the Consent Decree has been obtained by the United States,
17  which will execute the proposed Consent Decree once EPA concurrence is received.  The Settling
18  Parties anticipate lodging the proposed Consent Decree with the Court in the near future.  In order
19  to allow the Settling Parties time to obtain EPA concurrence to the proposed Consent Decree, and
20  for the Court to consider a motion to enter and approve the Consent Decree following the
21  required public comment period, the parties submit that a 90-day continuance of all pretrial dates
22  and deadlines, including the trial date, contained in the Stipulation re Continuance of Court's
23  Pretrial Scheduling Order and Order ("August Scheduling Order"), filed August 25, 2008, is
24  warranted.  Therefore, *with the concurrence of the Court Appointed Special Master,*

25          IT IS HEREBY STIPULATED that the current trial and pretrial dates as established by
26  the August Scheduling Order, should be amended as follows:
27  ///
28

-2-
STIPULATION RE CONTINUANCE OF COURT'S PRE-TRIAL
SCHEDULING ORDER AND ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

## I. DISCOVERY

All discovery, with the exception of expert discovery, shall be completed by **December 1, 2008**. In the event the Consent Decree is not approved by the Court, the discovery deadline is extended to **October 23, 2009**, only with respect to discovery properly served and pending prior to the above December 1, 2008 deadline. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

## II. DISCLOSURE OF EXPERT WITNESSES

All counsel are to simultaneously designate in writing, filed with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **December 23, 2009**.[2] The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party. The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Scheduling Order.

///
///
///
///

---

[2] The discovery of experts will include whether any motions based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and/or *Kumo Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999) are anticipated.

PDF created with pdfFactory trial version www.pdffactory.com

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

///

///

///

-4-

STIPULATION RE CONTINUANCE OF COURT'S PRE-TRIAL
SCHEDULING ORDER AND ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

### III. MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be **heard** <u>no later than</u> **February 23, 2010**. The parties are responsible for ensuring that all motions are filed to allow for proper notice of the hearing under the Federal Rules of Civil Procedure and/or Local Rules. Available hearing dates may be obtained by calling Stephanie Deutsch, Deputy Courtroom Clerk, (916) 930-4207.

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 78-230 governs the calendaring and procedures of civil motions with the following additions:

    (a)    The opposition and reply must be filed **by 4:00 p.m.** on the day due; and

    (b)    When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 78-230(c), as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[3] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

///

///

///

---

[3] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 56-260.

-5-

PDF created with pdfFactory trial version www.pdffactory.com

The parties are reminded that a motion <u>in limine</u> is a pretrial procedural device designed to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions (except those noted on page 4) presented at the Final Pretrial Conference or at trial in the guise of motions <u>in limine.</u>

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the Court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

**IV. FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is set for **July 16, 2010** at **9:00 a.m.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **June 25, 2010** a Joint Final Pretrial Conference Statement. The provisions of Local Rules 16-281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.

Failure to comply with Local Rule 16-281, as modified by this order, may be grounds for sanctions.

<u>At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word or WordPerfect, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.</u> **These documents shall be sent to: mceorders@caed.uscourts.gov.**

PDF created with pdfFactory trial version www.pdffactory.com

The parties should identify first the core undisputed facts relevant to all claims. The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim. The disputed facts should be identified in the same manner. Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party. Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument or authorities with any point of law.

The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc. All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>.

PDF created with pdfFactory trial version www.pdffactory.com

The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the Court's processes.

Counsel shall produce all trial exhibits to Stephanie Deutsch, the Courtroom Clerk, no later that **3:00 p.m.** on **August 23, 2010**.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Prctrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind. A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

**IV.    TRIAL SETTING**

The trial is set for **August 30, 2010 at 9:00 a.m.** Trial will be by court. The parties estimate a trial length of **twenty-five (25) days**.

**V.    SETTLEMENT CONFERENCE**

No settlement conference is currently scheduled. A settlement conference may be set at the parties' request. In the event a settlement conference date is requested, the parties shall file said request jointly, in writing.

///

///

///

-8-

STIPULATION RE CONTINUANCE OF COURT'S PRE-TRIAL
SCHEDULING ORDER AND ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

Counsel, except for Counsel for the United States, are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven (7) calendar days before the Settlement Conference counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement. Such statements are neither to be filed with the Clerk nor served on opposing counsel. Each party, however, shall serve notice on all other parties that the statement has been submitted. If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

After the Final Pretrial Conference, the Court will not set a settlement conference. The parties are free, however, to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

## VI. VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 16-271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

## VII. MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement by the parties pursuant to stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

Date: December 24, 2008          */s/ Karl J. Fingerhood* (as authorized 12/24/08)
KARL J. FINGERHOOD
United States Department of Justice
Environmental Enforcement Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-7519
Facsimile: (202) 514-2583
Attorneys for the United
States of America

-9-

STIPULATION RE CONTINUANCE OF COURT'S PRE-TRIAL
SCHEDULING ORDER AND ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

Date:  December 29, 2008          */s/ Thomas F. Vandenburg* (as authorized 12/29/08)
                                  THOMAS F. VANDENBURG
                                  SHIRIN R. KIAEI
                                  Dongell Lawrence Finney Claypool LLP
                                  707 Wilshire Blvd., 45th Floor
                                  Los Angeles, California 90017
                                  Telephone: (213) 943-6100
                                  Facsimile:  (213) 943-6101
                                  Attorneys for El Dorado County

Date:  December 29, 2008          */s/ Francis M. Goldsberry III* (as authorized 12/29/08)
                                  FRANCIS M. GOLDSBERRY III
                                  ALAN STEINBERG
                                  Goldsberry, Freeman, Guzman & Ditora LLP
                                  777 12th Street
                                  Suite 250
                                  Sacramento, California 95814
                                  Telephone: (916) 448-0448
                                  Facsimile: (916) 448-8628
                                  Attorneys for the City of South Lake Tahoe

Date:  December 23, 2008          */s/ Scott W. Gordon* (as authorized 12/23/08)
                                  SCOTT W. GORDON
                                  Law Offices of Scott W. Gordon
                                  1990 N. California Boulevard
                                  Suite 940
                                  Walnut Creek, California 94596
                                  Telephone: (925) 295-3131
                                  Facsimile: (925) 295-3132
                                  Attorneys for Douglas County, Nevada

Date:  December 23, 2008          */s/ Steven L. Hoch* (as authorized 12/23/08)
                                  STEVEN L. HOCH
                                  Brownstein Hyatt Farber Schreck, LLP
                                  21 East Carrillo Street
                                  Santa Barbara, California 93101
                                  Telephone: (805) 963-7000
                                  Facsimile: (805) 965 4333
                                  Attorneys for South Tahoe Public Utility District

Date:  December 24, 2008          */s/ William T. Chisum* (as authorized 12/24/08)
                                  WILLIAM T. CHISUM
                                  Kronick, Moskovitz, Tiedemann
                                    & Girard
                                  400 Capitol Mall, 27th Floor
                                  Sacramento, California 95814-4416
                                  Telephone: (916) 321-4500
                                  Facsimile: (916) 321-4555
                                  Attorneys for Lake Tahoe Unified School District

STIPULATION RE CONTINUANCE OF COURT'S PRE-TRIAL
SCHEDULING ORDER AND ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

| | | |
|---|---|---|
| 1 | Date:  December 29, 2008 | */s/ Robert P. Soran* |
| 2 | | ROBERT P. SORAN |
| | | AMILIA GLIKMAN |
| 3 | | Downey Brand LLP |
| | | 555 Capitol Mall, Tenth Floor |
| 4 | | Sacramento, CA 95814 |
| | | Telephone: (916) 444-1000 |
| 5 | | Facsimile: (916) 444-2100 |
| | | Attorneys for Raley's and The Hertz Corporation |

Date:  December 23, 2008           */s/ Jeffrey K. Rahbeck* (as authorized 12/23/08)
                                   JEFFREY K. RAHBECK
                                   Law Offices of Jeffrey Kjar Rahbeck
                                   P.O. Box 435
                                   Zephyr Cove, NV 89448
                                   Telephone: (775) 588-5602
                                   Facsimile: (775) 588-8548
                                   Attorney for South Tahoe Refuse

Date:  December 23, 2008           */s/ Marc A. Zeppetello* (as authorized 12/23/08)
                                   MARC A. ZEPPETELLO
                                   Barg Coffin Lewis & Trapp LLP
                                   350 California Street, 22nd Floor
                                   San Francisco, CA 94104
                                   Telephone: (415) 228-5400
                                   Facsimile: (415) 228-5450
                                   Attorneys for Harrah's Operating Company, Inc.,
                                   and Harveys Tahoe Management Company, Inc.

Date:  December 23, 2008           */s/ John P. Phillips* (as authorized 12/23/08)
                                   JOHN P. PHILLIPS
                                   ROBERT P. HOFFMAN
                                   Paul, Hastings, Janofsky & Walker, LLP
                                   55 Second Street
                                   Twenty-Fourth Floor
                                   San Francisco, CA 94105-3441
                                   Telephone: (415) 856-7000
                                   Facsimile: (415) 856-7100
                                   Attorneys for Heavenly Valley Ski & Resort and
                                   Heavenly Valley

Date:  December 23, 2008           */s/ Janine C. Prupas* (as authorized 12/23/08)
                                   WILLIAM PETERSON
                                   JANINE C. PRUPAS
                                   Morris, Pickering & Peterson
                                   6100 Neil Rd., Suite 555
                                   Reno, Nevada 89511
                                   Telephone: (775) 829-6000
                                   Facsimile: (775) 829-6001
                                   Attorneys for Sierra Pacific Power Company

-11-

STIPULATION RE CONTINUANCE OF COURT'S PRE-TRIAL
SCHEDULING ORDER AND ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| Date:  December 23, 2008 | */s/ William D. Wick* (as authorized 12/23/08)<br>WILLIAM D. WICK<br>ANNA NGUYEN<br>Wactor & Wick LLP<br>180 Grand Avenue, Suite 950<br>Oakland, California 94612<br>Telephone:  (510) 465-5750<br>Facsimile:  (510) 465-5697<br>Attorneys for Safeway Inc. |
| Date:  December ___, 2008 | _____<br>THOMAS O. PERRY<br>ALLISON CHERRY LAFFERTY<br>JOSHUA H. TIFFEE<br>Kroloff, Belcher, Smart, Perry & Christopherson<br>P.O. Box 692050<br>Stockton, California 95269-2050<br>Telephone:  (209) 478-2000<br>Facsimile:  (209) 478-0354<br>Attorneys for Barton Healthcare System |

## SPECIAL MASTER RECOMMENDATION

**APPROVED AS TO FORM AND CONCUR WITH AND RECOMMEND A 90-DAY CONTINUANCE OF ALL PRE-TRIAL AND TRIAL DATES AS PROVIDED FOR HEREIN.**

Dated: December 31, 2008                    */s/ Catherine Yanni* (as authorized 12/31/08)
                                            Catherine Yanni
                                            Court Appointed Special Master

## ORDER

Based upon a review of the record and good cause appearing,

IT IS SO ORDERED that the current trial and pretrial dates as established by the August Scheduling Order shall be amended as set forth herein.

**DATED: January 9, 2009**

_____
**MORRISON C. ENGLAND, JR**
**UNITED STATES DISTRICT JUDGE**

-12-

STIPULATION RE CONTINUANCE OF COURT'S PRE-TRIAL
SCHEDULING ORDER AND ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com