1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>COUNTY OF EL DORADO, and CITY OF SOUTH LAKE TAHOE, CALIFORNIA, et al,<br><br>       Defendants.<br><br>AND ALL RELATED ACTIONS. | Case No.  CIV. S-01-1520 MCE GGH<br><br>**CONSENT DECREE** |

19   ///

20   ///

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**I.**    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**II.**    JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**III.**    PARTIES BOUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**IV.**    DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**V.**    SETTLEMENT PAYMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**VI.**    COVENANTS NOT TO SUE BY THE UNITED STATES . . . . . . . . . . . . . . 10

**VII.**    COVENANTS NOT TO SUE BY THE SETTLING THIRD-PARTY
DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**VIII.**    RELEASES BY THE COUNTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**IX.**    RELEASES BY SETTLING THIRD-PARTY DEFENDANTS, THE CITY, AND
STR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**X.**    EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . . . . . . . 15

**XI.**    NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**XII.**    EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**XIII.**    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**XIV.**    MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**XV.**    TERMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**XVI.**    COSTS OF SUIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**XVII.** LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . 23

**XVIII.** SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**APPENDIX A** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

**APPENDIX B** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

///

///

///

///

///

///

# I.   **BACKGROUND**

A.       On August 3, 2001, Plaintiff United States of America ("United States"), on behalf of the United States Department of Agriculture, Forest Service ("Forest Service"), filed a Complaint in this "Action" (defined in Section IV (Definitions) of this Consent Decree) pursuant to Sections 107 and 113(f) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607, 9613(f), against Defendants the County of El Dorado (the "County") and the City of South Lake Tahoe (the "City").  The Complaint filed by the United States seeks recovery of environmental response costs incurred by the Forest Service related to the release or threatened release and/or disposal of hazardous substances at or from the Meyers Landfill, a former municipal waste disposal facility located on National Forest Service System lands administered by the Lake Tahoe Basin Management Unit of the Forest Service, and a "facility" as defined under 42 U.S.C. § 9601(9) (referred to herein as the "Site" and further defined in Section IV (Definitions) of this Consent Decree), with accrued interest, and a declaration of the County's and the City's liability for future response costs incurred by the United States related to the Site.

B.       On June 19, 2002, the County filed its Second Amended Third Party Complaint in this Action, seeking contribution under CERCLA Section 113(f), 42 U.S.C. § 9613(f), from Third-Party Defendant South Tahoe Refuse Company, Inc. ("STR"), which collected garbage in the South Lake Tahoe-area during a portion of the relevant time Meyers Landfill operated, and from a number of reported customers of STR during a portion of the relevant time, including, but not limited to, Third-Party Defendants Douglas County, Nevada; Lake Tahoe Unified School District; The Hertz Corporation; Raley's; Harrah's Operating Company, Inc.; Harveys Tahoe Management Company, Inc.; Heavenly Valley Ski & Resort and Heavenly Valley; Sierra Pacific Power Company; Safeway Inc.; South Tahoe Public Utilities District; and Barton Health Care System.  The County's Second Amended Complaint seeks contribution for response costs related to the Site incurred by the County or for which the County is held liable.  The County also sought a declaration of STR's and Third-Party Defendants' respective liability for future response costs related to the Site incurred by the County or for which the County is held liable.

C.      On or about July 19, 2002, Third-Party Defendant Raley's filed a Counterclaim against the County, and on May 6, 2004, an Amended Counterclaim, seeking contribution pursuant to CERCLA Sections 107(a) and 113(f), 42 U.S.C. §§ 9607(a), 9613(f); damages for contractual indemnity, equitable indemnity, and negligence; and a declaration, pursuant to federal and state law, of Raley's right to contribution and indemnity from the County for response costs incurred by Raley's or for which Raley's is held liable.  Also on May 6, 2004, Raley's filed Cross-Claims against the City and STR seeking contribution pursuant to CERCLA Sections 107(a) and 113(f), 42 U.S.C. §§ 9607(a), 9613(f); damages for contractual indemnity, equitable indemnity, and negligence; and a declaration, pursuant to federal and state law, of Raley's right to contribution and indemnity from the STR and the City for response costs incurred by Raley's or for which Raley's is held liable.

D.      On May 28, 2004, the City filed a Counterclaim against Raley's seeking damages, indemnity, and contribution under CERCLA.  On June 21, 2004, STR served a Counterclaim against Raley's also seeking damages, indemnity, and contribution under CERCLA.

E.      As set forth in this Consent Decree, the County and Third-Party Defendants Douglas County, Nevada; Lake Tahoe Unified School District; The Hertz Corporation; Raley's; Harrah's Operating Company, Inc.; Harveys Tahoe Management Company, Inc.; Heavenly Valley Ski & Resort and Heavenly Valley; Sierra Pacific Power Company; and Safeway Inc. (collectively, "Settling Third-Party Defendants, " or individually, "Settling Third-Party Defendant") have reached a settlement of the claims alleged in the County's Second Amended Third Party Complaint and the counterclaims of certain Settling Third-Party Defendants.  In addition, Settling Third-Party Defendants, the City, and STR have agreed to dismiss any and all claims each of them may have against one another.

F.      The United States agrees that the settlement among the County, the Settling Third-Party Defendants, the City, and STR (collectively, "Settling Parties," or individually, "Settling Party") and the dismissal of any and all claims among the Settling Parties are practicable and in the public interest.  The United States is a party to the settlement among the Settling Parties in accordance with the terms of this Consent Decree.

G.     The goals of this Consent Decree include: (1) to resolve all claims relating to the Site that have been or could have been asserted by and between: (a) the County and the Settling Third-Party Defendants, (b) the Settling Third-Party Defendants and the City, (c) the Settling Third-Party Defendants, including STR; and (d) the United States and the Settling Third-Party Defendants; (2) to provide releases from the County, the City, and STR to the Settling Third-Party Defendants for all claims for liability for damages related to natural resources and natural resource damages assessments; (3) to provide funds through the specified settlement payments from Settling Third-Party Defendants to reimburse the United States and/or the County for past and/or future environmental response costs incurred at the Site; (4) to grant contribution protection by the United States to the Settling Third-Party Defendants, pursuant to CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), as set forth in Section X (Effect of Settlement; Contribution Protection) of this Consent Decree; (5) to issue reciprocal covenants not to sue between the United States and the Settling Third-Party Defendants, pursuant to CERCLA Section 122(f), 42 U.S.C. § 9622(f), as set forth in Sections VI (Covenants Not to Sue by the United States) and VII (Covenants Not to Sue by Setting Third-Party Defendants) of this Consent Decree; and (6) to establish the good faith nature of the settlement between the Settling Parties, as set forth in Section X (Effect of Settlement; Contribution Protection) of this Consent Decree.

H.     The Settling Third-Party Defendants entering into this Consent Decree do not admit any liability to the United States, the County, the City, any Third-Party Defendant, or any "Remaining Litigant" (defined in Section IV (Definitions) of this Consent Decree) arising out of the transactions or occurrences alleged in the United States's Complaint, the County's Second Amended Third Party Complaint, or any of the Cross-Claims or Counterclaims referenced herein.

I.     The United States and the Settling Parties agree, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Settling Parties and the United States in good faith, that implementation of this Consent Decree will expedite the cleanup of the Site and will avoid prolonged and complicated litigation between the Settling Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II.  JURISDICTION

1.     This Court has jurisdiction over the subject matter of this Action pursuant to 28 U.S.C. §§ 1331, 1345 and 1367, and 42 U.S.C. § 9613(b).  Solely for the purposes of this Consent Decree, the underlying Complaint filed by the United States, and the County's Second Amended Third Party Complaint, Settling Parties waive all objections and defenses they may have to jurisdiction of the Court or to venue in this District.  Settling Parties shall not challenge the terms of, or this Court's jurisdiction to enter and enforce, this Consent Decree.

## III.  PARTIES BOUND

2.     This Consent Decree applies to and is binding upon the United States, the County, each of the Settling Third-Party Defendants, the City, STR, (collectively, "Parties," or individually, "Party") and each Party's successors and assigns.

## IV.  DEFINITIONS

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in the statute or regulations.  Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

a.     "Action" shall mean *United States of America v. El Dorado County, California, and City of South Lake Tahoe*, Case No. CIV S-01-1520 MCE GGH, including the action, third-party action, cross-claims, and counterclaims described in Recital Paragraphs A, B, C, and D of this Consent Decree, above.

b.     "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

c.     The "City" shall mean the City of South Lake Tahoe, California, and any of its present, former, or future subdivisions, departments, commissions, agencies, or instrumentalities.

d.     "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto.

e.     The "County" shall mean El Dorado County, California, and any of its

present, former, or future subdivisions, departments, commissions, agencies, or instrumentalities.

  f. The "Court Registry Account" shall mean the interest-bearing account in the Registry of the United States District Court for the Eastern District of California, to be titled "United States v. El Dorado County, et al.," to which the Settling Third-Party Defendants' settlement payments shall be made pursuant to Section V (Settlement Payments) of this Consent Decree.

  g. "Day" shall mean calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

  h. "Forest Service" shall mean the United States Department of Agriculture, Forest Service and any successor departments, agencies or instrumentalities.

  i. Intentionally Left Blank.

  j. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

  k. "Party" or "Parties" shall mean the United States, the County, the City, STR, and the Settling Third-Party Defendants.

  l. "Remaining Litigant" or Remaining Litigants" shall mean the United States, the County, the City, STR, Barton Health Care System, and the South Tahoe Public Utility District.

  m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

  n. "Settling Third-Party Defendant" or "Settling Third-Party Defendants" shall mean those persons, corporations or other entities listed in Paragraph 5 of this Consent Decree, below.  The definition of "Settling Third-Party Defendants" shall also include the predecessors, parent corporations, subsidiaries, successors and assigns of each Settling Third Party Defendant listed in Paragraph 5, below, provided that, solely for the purposes of the United States' Covenant Not To Sue set forth in Paragraph 8, such

definition is limited to include only those respective predecessors, parent corporations, subsidiaries, successors and assigns (1) identified in Appendix "A" to this Consent Decree, and/or (2) whose alleged liability with respect to the Site arises from the same arrangements for disposal or treatment, or arrangements for disposal or transport for disposal or treatment, alleged in the County's Second Amended Third Party Complaint in this Action.  Provided further that the United States' Covenant Not To Sue set forth in Paragraph 8 shall be null and void as to any such predecessor, parent corporation, subsidiary, successor, or assign that brings an action against the United States asserting claims within the scope of the Covenant Not To Sue by Settling Third Party Defendants set forth in Paragraph 11.

        o.      "Settling Party" or "Settling Parties" shall mean the County, the City , STR, and the Settling Third-Party Defendants.

        p.      "Site" shall mean the Meyers Landfill Site, located in Meyers, El Dorado County, California, encompassing the areal extent of contamination including, without limitation, approximately 11-acres of buried waste and the groundwater plume originating therefrom (which presently has an areal extent of approximately 31 acres), and generally shown on the map included in Appendix "B."

        q.      "STR" shall mean South Tahoe Refuse Company, Inc. and any of its predecessors, parent corporations, subsidiaries, successors, and assigns.

        r.      "United States" shall mean the United States of America, including its departments, agencies, and instrumentalities.

## V.    SETTLEMENT PAYMENTS

        4.      As described in more detail below, Settling Third-Party Defendants will pay the total amount of $1,250,000, to be deposited and held in the Court Registry Account and distributed as mutually agreed in writing by the United States and the County, or by order of the Court, for the sole purpose of reimbursing the United States and/or the County for past or future environmental costs of "response" as defined in CERCLA incurred at or related to the Site.

        5.      Within twenty (20) business days of the Effective Date (as defined in Section XII

(Effective Date) of this Consent Decree), of the foregoing total settlement amount, each of the following Settling Third-Party Defendants or their insurers will deposit, by check or wire transfer, the following amounts into the Court Registry Account:

| | |
|---|---|
| Douglas County, Nevada: | $150,000 |
| Lake Tahoe Unified School District: | $100,000 |
| The Hertz Corporation (for itself and for Hertz Local Edition Corporation): | $50,000 |
| Raley's: | $100,000 |
| Harrah's Operating Company, Inc. (for itself and for Harveys Tahoe Management Company): | $350,000 |
| Heavenly Valley Ski & Resort and Heavenly Valley: | $250,000 |
| Sierra Pacific Power Company: | $100,000 |
| Safeway Inc.: | $150,000 |

Counsel for each Settling Third-Party Defendant making a settlement payment in accordance with this Paragraph shall provide notice of such payment within five (5) Days to counsel for the Parties as provided for in Section XI (Notice) of this Consent Decree.

6.     Such settlement payments will be made to an interest-bearing account in the Registry of the United States District Court for the Eastern District of California, to be titled "United States v. El Dorado County, et al. (hereinafter the "Court Registry Account").  All funds in the Court Registry Account are to be maintained in that account with the express purpose that such funds be disbursed only for past or future costs of "response" as that term is defined in CERCLA.  Funds in the Court Registry Account may be disbursed either upon the joint request of the United States and the County and with the approval of this Court, or pursuant to any Final Judgment entered by this Court in this case.  Upon either a joint request, to be made by noticed motion, by Stipulation or as part of a Consent Decree, or, if necessary, upon a joint request made on an ex parte basis (i.e., a joint request made to the Court by the County and the United States without notice to the Remaining Litigants), the Clerk of the Court shall pay some or all of the funds in the Court Registry Account as directed by the Court.  So as to avoid a potential double recovery, if such funds are disbursed prior to a Final Judgment, the party to whom the funds are

1  disbursed may not claim the amount of disbursement(s) as a recoverable cost of response.  If

2  funds remain in the Court Registry Account at the time of a Final Judgment, the amount

3  remaining in the Court Registry Account shall be disbursed in accordance with the Final

4  Judgment or pursuant to further court order.  If the Final Judgment exceeds the balance in the

5  Court Registry Account, the amount that a party is entitled to recover pursuant to the Final

6  Judgment shall be accordingly reduced by the amount then disbursed.  If the amount remaining in

7  the Court Registry Account exceeds the amount of the Final Judgment, then funds shall be

8  disbursed to the party entitled to recover in the full amount of the Final Judgment, in which case

9  the recoverable amount shall be reduced to zero and any remaining funds shall be held in the

10  Court Registry Account to fund future costs of response.

11         7.      No Settling Third-Party Defendant shall be liable to the County or the United

12  States for any other Settling Third-Party Defendant's payment obligation under this Consent

13  Decree.  Failure of any Settling Third-Party Defendant to make its payment obligation in a timely

14  manner shall be a material breach of this Consent Decree as to that Settling Third-Party

15  Defendant only, and the County, the United States, and the other Settling Third-Party Defendants

16  reserve their rights to pursue any and all available remedies for such a breach.  If any payment

17  required by Paragraph 5 of this Consent Decree is not made within 20 business days of the

18  Effective Date, any Settling Third-Party Defendant failing to make timely payment shall pay

19  simple interest, at a rate of 10% per annum, on the unpaid balance.  Interest shall begin to accrue

20  20 business days after the Effective Date and shall accrue through the date of the Settling Third-

21  Party Defendant's payment.  Payment of interest under this Paragraph shall be in addition to such

22  other remedies available to the County, the United States, or the other Settling Third-Party

23  Defendants by virtue of any Settling Third-Party Defendant's failure to make timely payment

24  under Paragraph 5 of this Consent Decree.

25        **VI.    COVENANTS NOT TO SUE BY THE UNITED STATES**

26         8.      Except as specifically provided for in this Section, the United States covenants not

27  to sue or to take administrative action against any Settling Third-Party Defendant pursuant to

28  Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), relating to the Site.  With

respect to present and future liability, this covenant not to sue shall take effect with respect to each Settling Third-Party Defendant upon that Settling Third-Party Defendant's deposit in Court Registry Account of all payments required by Section V (Settlement Payments) of this Consent Decree, including any interest due under Paragraph 7 of this Consent Decree from any Settling Third-Party Defendant.  This covenant not to sue with respect to each Settling Third-Party Defendant is conditioned upon the satisfactory performance by that Settling Third-Party Defendant of its obligations under this Consent Decree.  This covenant not to sue extends only to Settling Third-Party Defendants and does not extend to any other person or entity.

9.      The United States reserves, and this Consent Decree is without prejudice to, all rights against each Settling Third-Party Defendant with respect to all matters not expressly included within the Covenant Not to Sue by United States in this Section VI.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against each Settling Third-Party Defendant with respect to:

> a.      liability for failure of Third-Party Settling Defendants to meet a requirement of this Consent Decree;

> b.      criminal liability;

> c.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resources damages assessments; and

> d.      liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant from a facility located outside of the Site.

10.      Except as provided in this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions authorized by law at the Site.

## VII.   COVENANTS NOT TO SUE BY SETTLING THIRD-PARTY DEFENDANTS

11.      Settling Third-Party Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

CONSENT DECREE
USDC Eastern District Case No. CIV.S-01-1520 MCE GGH
888976.18

a.       any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.       any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.       any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

12.      Except as provided in Paragraphs 14 and 29 of this Consent Decree, these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 9 of this Consent Decree, but only to the extent that Settling Third-Party Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

13.      Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

14.      Settling Third-Party Defendants agree not to assert any CERCLA claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any other person.  This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Third-Party Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Third-Party Defendant.

## VIII.   <u>RELEASES BY THE COUNTY</u>

15.      Upon the Effective Date, the County expressly, knowingly, and voluntarily releases any and all claims and causes of action, known or unknown, which it has or may have against each and every Settling Third-Party Defendant relating to, arising out of, or in any manner pertaining to the Site including, without limitation, the following: any release or threatened release and/or disposal of hazardous substances, pollutants, or contaminants at or from the Site;

1   the United States's Complaint; or the County's Second Amended Third Party Complaint.  In

2   addition, upon the Effective Date, the County expressly, knowingly, and voluntarily releases any

3   and all claims and causes of action, known or unknown, against each and every Settling Third-

4   Party Defendant for any and all liability for injury to, destruction of, or loss of natural resources,

5   and for the costs of any natural resources damages assessments in the event any such claims are

6   brought by or against the County.  As to the claims and causes of action released by this

7   Paragraph, the County also expressly, knowingly, and voluntarily waives any and all rights and

8   benefits conferred upon it by the provisions of Section 1542 of the California Civil Code, which

9   states:

10
11   > A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.
12

13       16.     Upon the Effective Date, any and all claims asserted by the County in its Second

14   Amended Third Party Complaint against any Settling Third-Party Defendant shall be dismissed

15   by the Court with prejudice.

16       17.     The County shall not request, suggest, or promote to the Lahonton Regional Water

17   Quality Control Board or any other environmental regulatory agency that any of the Settling

18   Third-Party Defendants be included in any order or other directive by said agency related to or

19   arising out of the Site.

20       18.     Should the Lahonton Regional Water Quality Control Board or any other

21   environmental regulatory agency indicate an intent to or actually include any Settling Third-Party

22   Defendant in an order, directive, or action related to or arising out of the Site, the County shall

23   send a letter to the issuing agency as soon as practicable, in a form mutually acceptable to the

24   County and the relevant Settling Third-Party Defendant(s), informing said agency that the

25   Settling Third-Party Defendant(s) has settled this Action with the County and the United States in

26   good faith, and should not be named as Dischargers or Responsible Parties in connection with any

27   order, directive, or action related to or arising out of the Site.

28       19.     If the County acquires at any time an ownership interest in all or any portion of the

1   Site, the County shall make good faith efforts to investigate and/or remediate environmental

2   conditions at the Site through site closure and/or implement other proper remedial measures in

3   compliance with applicable law and shall not seek, directly or indirectly, to compel assistance,

4   financial or otherwise, from any Settling Third-Party Defendant.

5   **IX.   RELEASES BY SETTLING THIRD-PARTY DEFENDANTS, THE CITY, AND**

6   **STR**

7   20.   Upon the Effective Date, each and every Settling Third-Party Defendant expressly,

8   knowingly, and voluntarily releases any and all claims and causes of action, known or unknown,

9   which it has or may have against the County, all other Settling Third-Party Defendants, the City,

10  and STR relating to, arising out of, or in any manner pertaining to the Site including, without

11  limitation, the following: any release or threatened release and/or disposal of hazardous

12  substances, pollutants, or contaminants at or from the Site; the United States's Complaint; or the

13  County's Second Amended Third Party Complaint.  With respect to the claims and causes of

14  action released by this Paragraph, each Settling Third-Party Defendant also expressly, knowingly,

15  and voluntarily waives any and all rights and benefits conferred upon it by the provisions of

16  Section 1542 of the California Civil Code, as recited in Paragraph 15 of this Consent Decree.

17  21.   Upon the Effective Date, any and all claims, counterclaims, or cross-claims

18  asserted by any Settling Third-Party Defendant against the County, the City, STR, or any other

19  Settling Third-Party Defendant shall be dismissed by the Court with prejudice.

20  22.   Upon the Effective Date, the City expressly, knowingly, and voluntarily releases

21  any and all claims or causes of action, known or unknown, which it has or may have against any

22  Settling Third-Party Defendant relating to, arising out of, or in any manner pertaining to the Site

23  including, without limitation, the following: any release or threatened release and/or disposal of

24  hazardous substances, pollutants, or contaminants at or from the Site; the United States's

25  Complaint; or the County's Second Amended Third Party Complaint.  In addition, upon the

26  Effective Date, the City expressly, knowingly, and voluntarily releases any and all claims and

27  causes of action, known or unknown, against each and every Settling Third-Party Defendant for

28  any and all liability for injury to, destruction of, or loss of natural resources, and for the costs of

any natural resources damages assessments in the event any such claims are brought by or against the City.  With respect to the claims and causes of action released by this Paragraph, the City also expressly, knowingly, and voluntarily waives any and all rights and benefits conferred upon it by the provisions of Section 1542 of the California Civil Code, as recited in Paragraph 15 of this Consent Decree.

23.     Upon the Effective Date, any and all claims, counterclaims, or cross-claims asserted by the City against any Settling Third-Party Defendant shall be dismissed by the Court with prejudice.

24.     Upon the Effective Date, STR expressly, knowingly, and voluntarily releases any and all claims and causes of action, known or unknown, which it has or may have against each and every Settling Third-Party Defendant relating to, arising out of, or in any manner pertaining to the Site including, without limitation, the following: any release or threatened release and/or disposal of hazardous substances, pollutants, or contaminants at or from the Site; the United States's Complaint; or the County's Second Amended Third Party Complaint.  In addition, upon the Effective Date, STR expressly, knowingly, and voluntarily releases any and all claims and causes of action, known or unknown, against each and every Settling Third-Party Defendant for any and all liability for injury to, destruction of, or loss of natural resources, and for the costs of any natural resources damages assessments in the event any such claims are brought by or against STR.  With respect to the claims and causes of action released by this Paragraph, STR also expressly, knowingly, and voluntarily waives any and all rights and benefits conferred upon it by the provisions of Section 1542 of the California Civil Code, as recited in Paragraph 15 of this Consent Decree.

25.     Upon the Effective Date, any and all claims, counterclaims, or cross-claims asserted by STR against any Settling Third-Party Defendant shall be dismissed by the Court with prejudice.

## X.     EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

26.     Except as provided in Section III (Parties Bound), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to

1  this Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights

2  that any person not a signatory to this Consent Decree may have under applicable law.  Except as

3  provided in Sections VI (Covenants Not to Sue by the United States) and VII (Covenants Not to

4  Sue by Settling Third-Party Defendants), the Parties expressly reserve any and all rights

5  (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of

6  action which they may have with respect to any matter, transaction, or occurrence relating in any

7  way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes

8  the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. §

9  9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action

10  and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

11  Nothing in this Consent Decree shall be construed to affect the claims and litigation in this Action

12  between or among the Remaining Litigants.  Nothing in this Consent Decree or the fact of entry

13  into the settlement described herein shall be deemed as an admission by any of the Remaining

14  Litigants, nor shall it preclude or estop any of the Remaining Litigants from asserting in the

15  Action as against the other Remaining Litigants, any fact or contention, whether such fact or

16  contention is consistent with or contrary to any of the statements and matters set forth herein,

17  except for the fact of this settlement between the Settling Parties and the United States and the

18  jurisdiction of the Court to approve this settlement under CERCLA.  Specifically, none of the

19  Remaining Litigants concedes for purposes of the Action that the Court has jurisdiction of this

20  Action under CERCLA, or that any of the Remaining Litigants has incurred response costs within

21  the meaning of CERCLA, or that hazardous substances have been deposited at or found at the

22  Site, or any other fact or contention that has been or may be asserted or denied in any of the

23  Remaining Litigants' pleadings.

24  　　　　27.　　The Parties agree, and by entering this Consent Decree this Court finds, that this

25  settlement constitutes a judicially-approved settlement for purposes of  Section 113(f)(2) of

26  CERCLA, 42 U.S.C. § 9613(f)(2) and that each Settling Third-Party Defendant is entitled, as of

27  the Effective Date, to protection from contribution actions or claims as provided by Section

28  113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for

"matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are any and all response actions taken or to be taken and any and all response costs incurred or to be incurred at or in connection with the Site by the United States or any other person, as well as any civil liability to the United States, the County, or any other entity or person arising out of the release or threatened release and/or disposal of hazardous substances, pollutants, or contaminants at or from the Site; provided, however, that if the United States exercises rights under the reservations in Section VI (Covenant Not To Sue by the United States), other than in Paragraphs 9.a. (claims for failure to meet a requirement of the settlement), or 9.b. (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

28.    Each Settling Third-Party Defendant agrees that, with respect to any suit or claim brought by it for matters addressed in this Consent Decree, it shall notify the Forest Service, the Department of Justice, and the County in writing no later than sixty (60) Days prior to the initiation of such suit or claim.  Each Settling Third-Party Defendant also shall, with respect to any suit or claim brought against it for matters addressed in this Consent Decree, it will notify the Forest Service, the Department of Justice, and the County in writing within ten (10) business days of service of the complaint or claim upon it.  In addition, each Settling Third-Party Defendant shall notify the Forest Service, the Department of Justice, and the County within ten (10) business days of service or receipt of any Motion for Summary Judgment, and within ten (10) business days of receipt of any order from a court setting a case for trial, for matters addressed in this Consent Decree.

29.    In any subsequent administrative or judicial proceeding initiated by the United States within the scope of the Reservation of Rights set forth in Paragraph 9 of this Consent Decree for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Third-Party Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing

1    in this Paragraph affects the enforceability of the Covenant Not to Sue by United States set forth

2    in Section VI (Covenants Not to Sue by the United States) of this Consent Decree.

3            30.    Until five (5) years after the Effective Date, each Settling Third-Party Defendant

4    shall preserve and retain all of its own records now in its possession or control, if any, or which

5    come into its possession or control, that relate in any manner to response actions taken at the Site

6    or the liability of any person under CERCLA with respect to the Site, regardless of any corporate

7    retention policy to the contrary.  However, nothing in this Paragraph shall be deemed applicable

8    to records obtained by a Settling Third-Party Defendant solely as a result of the Settling Third-

9    Party Defendant's participation in this Action.

10           31.    At least ninety (90) days prior to the destruction by a Settling Third-Party

11   Defendant of any records described in Paragraph 30 of this Consent Decree, which destruction

12   cannot take place prior to the conclusion of the document retention period described in that same

13   Paragraph 30, the Settling Third-Party Defendant shall notify the Forest Service, the Department

14   of Justice, and the County in accordance with Section XI (Notice) of this Consent Decree of that

15   Settling Third-Party Defendants' intent to destroy such records.  The Forest Service, the

16   Department of Justice, and/or the County may notify, in accordance with Section XI (Notice) of

17   this Consent Decree, the Settling Third-Party Defendant intending to destroy such records of its

18   objection to the destruction of such records.  Upon receipt of such notification, the Settling Third-

19   Party Defendant shall, in lieu of destroying such records, deliver the records, or copies thereof, to

20   the appropriate objecting party(ies).  Nothing in this Paragraph shall prohibit a Settling Third-

21   Party Defendant from asserting in response to a notice of objection from the Forest Service, the

22   Department of Justice, or the County that certain records are privileged under the attorney-client

23   privilege, attorney work-product doctrine, or any other privilege recognized by federal law.  If the

24   Settling Third-Party Defendant asserts such a privilege, they shall provide the objecting party(ies)

25   with the following information: (1) the title of the record; (2) the date of the record; (3) the name

26   and title of the author of the record; (4) the name and title of each addressee and recipient; (5) a

27   description of the subject of the record; and (6) the privilege asserted.  If a claim of privilege

28   applies only to a portion of a record, the record shall be provided to the Forest Service, the

1   Department of Justice, or the County in redacted form to mask the privileged information only.  A

2   Settling Third-Party Defendant shall retain all records it claims to be privileged until the United

3   States has had a reasonable opportunity to dispute the privilege claim and any such dispute has

4   been resolved in the Settling Third-Party Defendant's favor.  However, no records created or

5   generated pursuant to the requirements of this or any other settlement with the United States shall

6   be withheld on the grounds that they are privileged.

7          32.     Each Settling Third-Party Defendant hereby certifies individually that it has

8   conducted a thorough, comprehensive, good faith search for documents, and has fully and

9   accurately disclosed to the Forest Service or produced or made available in response to discovery

10  served in this Action, all documents (if any) currently in its possession, or in the possession of its

11  officers, directors, employees, contractors or agents, which relate in any way to the ownership,

12  operation, or control of the Site, or the ownership, possession, generation, treatment,

13  transportation, storage or disposal of a hazardous substance, pollutant, or contaminant at or in

14  connection with the Site; that, to the best of its knowledge and belief, after reasonable inquiry, it

15  has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or

16  information relating to its potential liability regarding the Site since notification of potential

17  liability by the United States or the County or the filing of suit against it regarding the Site; and

18  that it fully complied with any and all Forest Service requests for information pursuant to

19  Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of

20  RCRA, 42 U.S.C. § 6927.  The United States acknowledges that the Forest Service is subject to

21  all applicable Federal record retention laws, regulations, and policies.

22          33.     With regard to potential claims for contribution or damages against the Settling

23  Third-Party Defendants, the Parties agree, and the Court finds as follows:

24                  a.      This Consent Decree constitutes a judicially approved settlement within the

25          meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2); and

26                  b.      This settlement is a good faith settlement for purposes of California Code

27          of Civil Procedure Section 877.6.

28          34.     Nothing in this Consent Decree shall release any claim as to any entity or person

CONSENT DECREE
USDC Eastern District Case No. CIV.S-01-1520 MCE GGH          19 of 41
888976.18

1    not subject to this Consent Decree.

2                          **XI.    NOTICE**

3            35.     Whenever, under the terms of this Consent Decree, notice is required to be given

4    or a document is required to be sent by one Party to another, it shall be in writing and directed to

5    the individuals at the addresses specified below, unless those individuals or their successors give

6    notice of a change to the other Parties in writing.  Written notice as specified herein shall

7    constitute complete satisfaction of any notice requirement of the Consent Decree with respect to

8    the United States, Department of Justice, Forest Service, the County, the City, STR, and the

9    Settling Third-Party Defendants, respectively.

10
11   **As to the United States:**                    **As to the Forest Service:**
     **As to the Department of Justice:**
                                                     Dennis Geiser
12   Chief, Environmental Enforcement                Regional Environmental Engineer
     Section                                         Pacific Southwest Region, Region 5
13   Environment and Natural Resources               1323 Club Drive
     Division                                        Vallejo, California 94592
14   U.S. Department of Justice
15   (DJ # 90-11-3-06554)                            John Maher
     P.O. Box 7611                                   Lake Tahoe Basin Management Unit
16   Washington D.C. 20044-7611                      35 College Drive
                                                     South Lake Tahoe, CA 96150
17
                                                     Rose Miksovsky
18                                                   Staff Attorney
                                                     Office of the General Counsel
19                                                   33 New Montgomery St., 17th Floor
                                                     San Francisco, California 94150

20   **As to the County:**                           **As to the City:**

21   Michael Ciccozzi                                City Attorney's Office
22   Deputy County Counsel                           City of South Lake Tahoe
     Office of the County Counsel,                   1901 Airport Road, Suite 300
23   330 Fair Lane                                   South Lake Tahoe, CA  96150
     Placerville, CA 95667
24                                                   With a copy to:
25   With a copy to:
                                                     Tripp Goldsberry, Esq.
26   Thomas F. Vandenburg, Esq.                      Goldsberry, Freeman & Guzman LLP
     Dongell Lawrence Finney LLP                     777 12th Street, Suite 250
27   707 Wilshire Boulevard, 45th Floor              Sacramento CA 95814
     Los Angeles, Ca. 90017
28

1

**As to STR:**

2

Jeffrey Tillman

3

c/o South Tahoe Refuse Company
2140 Ruth Avenue

4

South Lake Tahoe, CA 96150

5

With a copy to:

6

Jeffrey K. Rahbeck, Esq.

7

PO Box 435
Zephyr Cove, NV  89448.

8

9

**As to The Hertz Corporation:**

10

Neale R. Bedrock

11

Senior Staff Counsel
The Hertz Corporation

12

225 Brae Boulevard
Park Ridge, NJ  07656

13

14

15

With a copy to:

16

Robert P. Soran, Esq.
Amilia Glikman, Esq.

17

Downey Brand LLP
555 Capitol Mall, 10th Floor

18

Sacramento, CA 95814

19

**As to Lake Tahoe Unified School**

20

**District:**

21

Dr. James Tarwater, Superintendent

22

Lake Tahoe Unified School District
1021 Al Tahoe Blvd.

23

South Lake Tahoe, CA  96150

24

With a copy to:

25

William T. Chisum, Esq.

26

Kronick, Moskovitz, Tiedemann &
Girard

27

400 Capitol Mall, 27th Floor
Sacramento, CA  95814

28

**As to Douglas County, Nevada:**

County Manager
Douglas County
P.O. Box 218
Minden, NV 89

With a copy to:

Scott W. Gordon, Esq.
Law Offices of Scott W. Gordon
1990 North California Blvd., Suite 940
Walnut Creek, California 94596

**As to Raley's:**

General Counsel
Raley's
500 West Capitol Avenue
West Sacramento, CA  95605-2696

With a copy to:

Robert P. Soran, Esq.
Amilia Glikman, Esq.
Downey Brand LLP
555 Capitol Mall, 10th Floor
Sacramento, CA 95814

**As to Harrah's Operating Company,**
**Inc. and Harveys Tahoe Management**
**Company, Inc.:**

Michael Kostrinsky
Chief Litigation Officer
Harrah's Entertainment, Inc.
One Harrah's Court
Las Vegas, NV 89119-4312

With a copy to:

Marc A. Zeppetello, Esq.
Barg Coffin Lewis & Trapp, LLP
350 California Street, 22nd Floor
San Francisco, CA 94104-1435

**As to Heavenly Valley Ski & Resort
and Heavenly Valley:**

Andrew M. Hensler, Esq.
Senior Corporate Counsel
Vail Resorts
390 Interlocken Crescent
Suite 1000
Broomfield, CO 80021
(303) 404-1893

With a copy to:

Robert P. Hoffman, Esq.
Paul, Hastings, Janofsky and Walker
1127 - 11th Street, Suite 905
Sacramento, CA 95814
(916) 552-6830

**As to Safeway, Inc.:**

Valerie D. Lewis, Esq.
Safeway Inc.
5918 Stoneridge Mall Road
Pleasanton, CA 94588

With copy to:

William D. Wick, Esq.
Wactor & Wick LLP
Environmental Attorneys
180 Grand Avenue, Suite 950
Oakland, CA 94612

**As to Sierra Pacific Power Company:**

Bob Jones
Senior Claims Manager
Sierra Pacific Power Company
Attn: Claims Dept
P.O. Box 10100
Reno, NV 89520

With a copy to:

Jacey Prupas, Esq.
Morris Pickering & Peterson
6100 Neil Road, Suite 555
Reno, Nevada  89511

## XII.   EFFECTIVE DATE

36.     The Effective Date of this Consent Decree shall be the date upon which this

Consent Decree is entered by the Court.

## XIII.   RETENTION OF JURISDICTION

37.     This Court retains jurisdiction over both the subject matter of this Consent Decree

and the Parties for the duration of the performance of the terms and provisions of this Consent

Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such

1  further order, direction, and relief as may be necessary or appropriate for the construction or

2  modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

3  ## XIV.   MODIFICATION

4  38.   There shall be no modification of this Consent Decree without written notification

5  to pursuant to Section XI (Notice) of this Consent Decree; written approval of each of the Parties;

6  and approval by the Court.

7  39.   Nothing in this Consent Decree shall be deemed to alter the Court's power to

8  enforce, supervise or modify this Consent Decree.

9  ## XV.   TERMINATION

10  40.   Each Settling Third-Party Defendant shall have fulfilled its obligations under this

11  Consent Decree upon deposit in the Court Registry Account of the settlement payment required

12  of that Settling Third-Party Defendant pursuant to Paragraph 5 of this Consent Decree.

13  ## XVI.   COSTS OF SUIT

14  41.   The County, each Settling Third-Party Defendant, the City, and STR shall each

15  bear their own costs and attorneys' fees with respect to the claims and causes of action settled by

16  or dismissed pursuant to this Consent Decree.  The United States covenants that it shall not seek

17  to recover its costs and attorneys' fees from any Settling Third-Party Defendant.  Nothing in this

18  Consent Decree shall be construed to limit the right of the United States to seek to recover its

19  costs and attorneys' fees from the Remaining Litigants pursuant to CERCLA or other applicable

20  law.

21  ## XVII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

22  42.   This Consent Decree shall be lodged with the Court for a period of not less than

23  thirty (30) Days for public notice and comment.  The United States reserves the right to withdraw

24  or withhold its consent if the comments regarding the Consent Decree disclose facts or

25  considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.

26  Settling Third-Party Defendants consent to the entry of this Consent Decree without further

27  notice.

28  43.   If for any reason this Court should decline to approve this Consent Decree in the

1  form presented, this agreement is voidable at the sole discretion of any Party and the terms of the

2  agreement may not be used as evidence in any litigation between the Parties.

3  ### XVIII. SIGNATORIES / SERVICE

4       44.    Each undersigned representative of a Settling Party to this Consent Decree and the

5  Assistant Attorney General for the Environment and Natural Resources Division of the

6  Department of Justice certifies that he or she is fully authorized to enter into the terms and

7  conditions of this Consent Decree and to execute and legally bind such Party to this document.

8       45.    Each Settling Party hereby agrees not to oppose entry of this Consent Decree by

9  this Court or to challenge any provision of this Consent Decree unless the United States has

10  notified the Settling Parties in writing that it no longer supports entry of the Consent Decree.

11       46.    Each Settling Party shall identify, on the attached signature page, the name,

12  address and telephone number of an agent who is authorized to accept service of process by mail

13  on behalf of that party with respect to all matters arising under or relating to this Consent Decree.

14  Settling Parties hereby agree to accept service in that manner and to waive the formal service

15  requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local

16  rules of this Court, including, but not limited to, service of a summons.

17       IT IS SO ORDERED.

18  DATED:  12/8/2009

19

20  _____
     MORRISON C. ENGLAND, JR

21       UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

CONSENT DECREE
USDC Eastern District Case No. CIV.S-01-1520 MCE GGH
888976.18

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

FOR THE UNITED STATES OF AMERICA

LAWRENCE G. BROWN
Acting United States Attorney

Date:_____

_____
 JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____
KARL J. FINGERHOOD
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Date:_____

_____
ANDREW DOYLE
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

FOR THE UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE

Date:_____

_____

RANDY MOORE
Regional Forester
U.S. Department of Agriculture
Forest Service
1323 Club Drive
Vallejo, California  94592

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

Date:_____     FOR THE COUNTY OF EL DORADO, CALIFORNIA

Signature: _____

Name (print): _____

Title: _____

Address: _____

_____

_____

Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

Date:_____     FOR THE CITY OF SOUTH LAKE TAHOE, CALIFORNIA

Signature: _____

Name (print): _____

Title: _____

Address: _____

_____

_____

Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

Date:_____    FOR SOUTH TAHOE REFUSE COMPANY, INC.

Signature: _____

Name (print): _____

Title: _____

Address: _____

_____

_____

Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

Date:_____          FOR THE COUNTY OF DOUGLAS, NEVADA

Signature: _____

Name (print): _____

Title: _____

Address: _____

_____

_____

Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.


Date:_____            FOR THE HERTZ CORPORATION AND HERTZ
                                        LOCAL ADDITION CORPORATION


                                        Signature: _____


                                        Name (print): _____

                                        Title: _____

                                        Address: _____

                                                 _____

                                                 _____


                                        Agent Authorized To Accept Service On Behalf Of
                                        Above-Signed Party:

                                        Name (print): _____

                                        Title: _____

                                        Address: _____

                                                 _____

                                                 _____

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

Date:_____          FOR RALEY'S

Signature: _____

Name (print): _____

Title: _____

Address: _____

_____

_____

Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____

CONSENT DECREE
USDC Eastern District Case No. CIV.S-01-1520 MCE GGH
888976.18

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

Date:_____          FOR LAKE TAHOE UNIFIED SCHOOL DISTRICT

Signature: _____

Name (print): _____

Title: _____

Address: _____

_____

_____

Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

Date:_____          FOR HARRAH'S OPERATING COMPANY, INC. and HARVEYS TAHOE MANAGEMENT COMPANY, INC.

Signature: _____

Name (print): _____

Title: _____

Address: _____

_____

_____

Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.


Date:_____        FOR HEAVENLY VALLEY SKI & RESORT and
                                     HEAVENLY VALLEY

                                     Signature: _____


                                     Name (print): _____

                                     Title: _____

                                     Address: _____

                                     _____

                                     _____


                                     Agent Authorized To Accept Service On Behalf Of
                                     Above-Signed Party:

                                     Name (print): _____

                                     Title: _____

                                     Address: _____

                                     _____

                                     _____

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.

Date:_____

FOR SIERRA PACIFIC POWER COMPANY

Signature: _____

Name (print): _____

Title: _____

Address: _____

_____

_____

Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States of America v. El Dorado County, California, and City of South Lake Tahoe,* and related actions, Case No. CIV S-01-1520 MCE GGH, concerning the Site.


Date:_____          FOR SAFEWAY, INC.


Signature: _____


Name (print): _____

Title: _____

Address: _____

_____

_____


Agent Authorized To Accept Service On Behalf Of Above-Signed Party:

Name (print): _____

Title: _____

Address: _____

_____

_____