1  ELLEN M. MAHAN
   Deputy Chief, Environmental Enforcement Section
2  Environment and Natural Resources Division
   U.S. Department Of Justice
3
   KARL J. FINGERHOOD
4  Trial Attorney (PA Bar ID No. 63260)
   Environmental Enforcement Section
5  U.S. Department of Justice
   P.O. Box 7611
6  Washington, D.C. 20044-7611
   Tel: (202) 514-7519
7  Fax: (202) 514-2583
   E-mail: karl.fingerhood@usdoj.gov
8
   ANDREW DOYLE
9  Trial Attorney (FL Bar ID No. 84948)
   Environmental Defense Section
10 U.S. Department of Justice
   P.O. Box 23986
11 L'Enfant Plaza Station
   Washington, D.C. 20026-3986
12 Tel:   (202) 514-4427
   Fax:   (202) 514-2584
13 E-mail: andrew.doyle@usdoj.gov

14 LAWRENCE G. BROWN
   Acting United States Attorney
15 Eastern District of California

16 SYLVIA QUAST
   Assistant United States Attorney
17 501 " I " Street Suite 10-100
   Sacramento, CA 95814
18 Phone: (916) 554-2700
   Fax: (916) 554-2900
19 E-mail: sylvia.quast@usdoj.gov

20 Attorneys for Plaintiff United States of America

21          UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF CALIFORNIA
22

23 UNITED STATES OF AMERICA          )
                                     )
24          Plaintiff,               )   Case No. 2:01-cv-1520 MCE GGH
                                     )
25      v.                           )
                                     )   CONSENT DECREE WITH
26 EL DORADO COUNTY,                 )   CITY OF SOUTH LAKE TAHOE,
   CALIFORNIA and CITY OF            )   CALIFORNIA
27 SOUTH LAKE TAHOE,                 )
   CALIFORNIA, et al.                )
28                                   )
            Defendants.              )
                                     )
   _____       )
                                     )
   AND ALL RELATED ACTIONS.          )
                                     )

1

## TABLE OF CONTENTS

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.     BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

II.    JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

III.   PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

IV.    DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

V.     STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . - 5 -

VI.    PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . - 6 -

VII.   FAILURE TO COMPLY WITH CONSENT DECREE
       REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

VIII.  COVENANTS NOT TO SUE BY PLAINTIFF . . . . . . . . . . . . . . . - 8 -

IX.    RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

X.     COVENANTS NOT TO SUE BY SETTLING DEFENDANT . . . . . . - 11 -

XI.    EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . - 12 -

XII.   ACCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

XIII.  ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

XIV.   RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -

XV.    NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . - 17 -

XVI.   EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 18 -

XVII.  RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . - 18 -

XVIII. INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . - 18 -

XIX.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . - 19 -

XX.    SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . - 19 -

XXI.   FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 20 -

i

1

## I. BACKGROUND

2       A. On August 3, 2001, Plaintiff United States of America ("United States"),
3   on behalf of the United States Department of Agriculture, Forest Service ("Forest
4   Service"), filed a complaint pursuant to Sections 107 and 113(f) of the
5   Comprehensive Environmental Response, Compensation, and Liability Act
6   ("CERCLA"), 42 U.S.C. §§ 9607, 9613(f), against Defendants the County of El
7   Dorado (the "County") and the City of South Lake Tahoe (the "City" or "Settling
8   Defendant"). The complaint filed by the United States seeks recovery of
9   environmental response costs incurred by the Forest Service related to the release
10  or threatened release and/or disposal of hazardous substances at or from the
11  Meyers Landfill Site, a former waste disposal facility located on National Forest
12  System lands administered by the Lake Tahoe Basin Management Unit of the
13  Forest Service, and a "facility" as defined under
14  42 U.S.C. § 9601(9), with accrued interest, and a declaration of the County's and
15  the City's liability for future response costs incurred by the United States related to
16  the Site. The City filed counterclaims against the United States pursuant to
17  CERCLA.

18      B. Settling Defendant does not admit, and specifically denies, any liability
19  to the Plaintiff arising out of the transactions or occurrences alleged in the
20  complaint. The United States does not admit any liability arising out of the .
21  transactions or occurrences alleged in any counterclaim asserted against it by the
22  Settling Defendant.

23      C. The United States and the Settling Defendant agree, and the Court by
24  entering this Consent Decree finds, that this Consent Decree has been negotiated
25  by the Parties in good faith, that settlement of this matter will avoid further
26  prolonged and complicated litigation between the Parties, and that this Consent
27  Decree is fair, reasonable, and in the public interest.

28              NOW, THEREFORE, with the consent of the Parties to this Decree, it

-1-

1  is hereby ORDERED, ADJUDGED, AND DECREED:

2                          II.  JURISDICTION

3          1.  This Court has jurisdiction over the subject matter of this action pursuant

4  to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 6973(a), 9606, 9607, and

5  9613(b).  This Court also has personal jurisdiction over the Settling Defendant.

6  Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C.

7  § 1391(b) and (c).  Solely for the purposes of this Consent Decree and the

8  underlying complaint, Settling Defendant waives all objections and defenses that it

9  may have to jurisdiction of the Court or to venue in this District.  The Settling

10  Defendant consents to and shall not challenge the terms of this Consent Decree or

11  this Court's jurisdiction to enter and enforce this Consent Decree.

12                          III.  PARTIES BOUND

13          2.  This Consent Decree applies to and is binding upon the United States

14  and Settling Defendant and its respective successors and assigns.  Any change in

15  organization or status of Settling Defendant including, but not limited to, any

16  transfer of assets or real or personal property, shall in no way alter Settling

17  Defendant's responsibilities under this Consent Decree.

18                          IV.  DEFINITIONS

19          3.  Unless otherwise expressly provided herein, terms used in this Consent

20  Decree which are defined in CERCLA or in regulations promulgated under

21  CERCLA shall have the meaning assigned to them in CERCLA or in such

22  regulations.  Whenever terms listed below are used in this Consent Decree or in

23  the appendices attached hereto and incorporated hereunder, the following

24  definitions shall apply:

25          a.      "Action" shall mean United States of America v. El Dorado County,

26  California, and City of South Lake Tahoe, California, Case No. CIV S-01-1520

27  MCE GGH, including the United States' complaint, the third-party action,

28  cross-claims, and all counterclaims filed in this matter.

                                -2-

1       b.     "CERCLA" shall mean the Comprehensive Environmental Response,
2 Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

3       c.     "Certification of Completion" shall mean the Forest Service's written
4 determination that a remedial action has been performed and that the performance
5 standards have been achieved.

6       d.     The "City" shall mean the City of Lake Tahoe, California, and any of
7 its present, or future subdivisions, departments, commissions, agencies, or
8 instrumentalities.

9       e.     "Consent Decree" or "Decree" shall mean this Consent Decree and all
10 appendices attached hereto.

11       f.     "Day" shall mean calendar day. In computing any period of time
12 under this Consent Decree, where the last day would fall on a Saturday, Sunday, or
13 federal holiday, the period shall run until the close of business of the next working
14 day.

15       g.     "Forest Service" shall mean the United States Department of
16 Agriculture, Forest Service and any successor departments, agencies or
17 instrumentalities.

18       h.     "Groundwater ROD" shall mean, for the purpose of this document,
19 the Forest Service's second Record of Decision for the Meyers Landfill Site,
20 whenever it is signed by the delegate of the Regional Forester, Forest Service
21 Region 5, and all attachments thereto, relating to groundwater and any other
22 remedial actions at the Site outside of the scope of the remedial action set forth in
23 the OU-1 ROD.

24       i.     "Interest" shall mean interest at the rate specified for interest on
25 investments of the EPA Hazardous Substance Superfund established by 26 U.S.C.
26 § 9507, compounded annually on October 1 of each year, in accordance with 42
27 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the
28 time the interest accrues. The rate of interest is subject to change on October 1 of

-3-

1    each year.

2        j.    "Meyers Landfill Site Special Account" shall mean the account

3    established by the Forest Service, pursuant to 16 U.S.C. § 579c, to which the

4    Settling Defendant's settlement payment shall be made pursuant to Section V

5    (Settlement Payment) of this Consent Decree.

6        k.    " OU-1 ROD" shall mean the Forest Service Record of Decision and

7    all attachments thereto relating to the remedy for Operable Unit 1 at the Site,

8    which was signed by the delegate of the Regional Forester, Forest Service Region

9    5 on November 15, 2007.

10       l.    "Paragraph" shall mean a portion of this Consent Decree identified by

11   an Arabic numeral or an upper or lower case letter.

12       m.    "Party" or "Parties" shall mean the United States and the City.

13       n.    "Response Costs" shall mean all costs, including, but not limited to,

14   direct and indirect costs, that the United States has incurred or will incur at or in

15   connection with the Site.

16       o.    "Section" shall mean a portion of this Consent Decree identified by a

17   Roman numeral.

18       p.    "Settling Defendant" shall mean the City of South Lake Tahoe, a

19   Municipal Corporation, located in the State of California.

20       q.    "Site" shall mean the Meyers Landfill Site, located in Meyers, El

21   Dorado County, California, encompassing the areal extent of contamination

22   including, without limitation, approximately 11-acres of buried waste and the

23   groundwater plume originating therefrom (which presently has an areal extent of

24   approximately 31 acres), and generally shown on the map included in Appendix

25   "A."

26       r.    "Work" shall mean all activities required to be performed to

27   implement the OU-1 ROD and Groundwater ROD in connection with the Site, as

28   well as any investigation activities performed at the Site required prior to the

- 4 -

1  Groundwater ROD.

2  s.    "United States" shall mean the United States of America, including its
3  departments, agencies, and instrumentalities, which includes without limitation the
4  Forest Service.

5                    V.  STATEMENT OF PURPOSE

6      4. By entering into this Consent Decree, the mutual objectives of the
7  Parties, as more precisely described in the terms of this Consent Decree, are:

8          a. To reach a settlement between the Parties with respect to the Site
9  that allows the Settling Defendant to make a cash payment, which includes a
10  premium, to resolve any claims for civil or administrative liability under Sections
11  106 and 107 of CERCLA, 42 U.S.C. §§ 9606, 9607, for response actions and for
12  Response Costs related to response actions incurred and to be incurred at or in
13  connection with the Site, as provided in Section VIII (Covenants Not to Sue by
14  Plaintiff) and Section IX (Reservation of Rights) of this Decree;

15          b. To resolve any claims of Settling Defendant that have been or
16  could have been asserted against the United States with regard to the Site as
17  provided in Section X (Covenants Not to Sue by Settling Defendant) of this
18  Decree;

19          c. To simplify the remaining administrative and judicial enforcement
20  activities concerning the Site by resolving the United States' claims against the
21  Settling Defendant for  response actions and for Response Costs related to
22  response actions incurred and to be incurred at or in connection with the Site, as
23  provided in Section VIII (Covenants Not to Sue by Plaintiff) and Section IX
24  (Reservation of Rights) of this Decree; and

25          d. To provide for contribution protection for the Settling Defendant
26  with respect to matters addressed in this Consent Decree pursuant to Section
27  113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), as provided in Section XI (Effect
28  of Settlement; Contribution Protection).

- 5 -

## VI. PAYMENT OF RESPONSE COSTS

5. Within 30 days of the Effective Date (as defined in Section XII (Effective Date)) of this Consent Decree, Settling Defendant shall pay $1,600,000.00 to the Forest Service to be deposited in the Meyers Landfill Site Special Account to be retained and used at or in connection with the Site.

6. The above-referenced settlement payment ("City Payment") shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2001V00433 and DOJ case number 90-11-3-06554 and Agency Locator Code AGFS. Payment shall be made in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of California following lodging of the Consent Decree. Any EFTs received at the U.S. DOJ lockbox bank after 11:00 a.m. (Eastern Time) will be credited on the next business day.

7. At the time of payment Settling Defendant shall provide notice of such payment to the Forest Service as provided for in Section XI (Notice) of this Consent Decree.

## VII. FAILURE TO COMPLY WITH CONSENT DECREE REQUIREMENTS

8. Interest on Late Payment. If Settling Defendant fails to make its payment under Paragraph 5 within 30 days of the Effective Date of this Consent Decree, then Settling Defendant shall pay Interest on the unpaid balance, commencing on the date that payment is due and accruing through the date of payment.

9. Stipulated Penalty.

a. In addition to the Interest required by Paragraph 8 (Interest on Late Payment), if Settling Defendant fails to make its payment required by Paragraph 5 when due, then Settling Defendant also shall pay stipulated penalties to the United States of $1,000 per day for each day that its payment is late.

-6-

b. Stipulated penalties are due and payable to the United States Treasury within 30 days of the date of the demand for payment of the penalties by the United States. All payments to the United States under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "United States Treasury." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, and DOJ Case Number 90-11-3-06554, and shall be sent to:

> United States Attorney's Office
> Financial Litigation Unit
> 501 " I " Street Suite 10-100
> Sacramento, CA 95814

c. At the time of payment of any stipulated penalties to the United States, the Settling Defendant shall send copies of check(s), and any accompanying transmittal letter(s), to the United States, Forest Service, and the Forest Service Regional Financial Management Officer as provided in Section XV (Notices and Submissions) of this Consent Decree.

d. Penalties shall accrue as provided in this Paragraph regardless of whether the Forest Service has notified the Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10. If the United States brings an action to enforce this Consent Decree against Settling Defendant, Settling Defendant shall reimburse the United States for all costs of such action, including, but not limited to, costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to the United States against Settling Defendant by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

1    12. Notwithstanding any other provision of this Section, the United States
2  may, in its unreviewable discretion, waive payment of any portion of the stipulated
3  penalties that have accrued to the United States pursuant to this Consent Decree.
4  Payment of stipulated penalties shall not excuse Settling Defendant from its
5  payment obligation as required by Section VI or from performance of any other
6  requirements of this Consent Decree applicable to Settling Defendant.

7              VIII.  COVENANTS NOT TO SUE BY PLAINTIFF

8    13. In consideration of the payment that will be made by Settling Defendant
9  under the terms of this Consent Decree, and except as otherwise specifically
10  provided in Section IX (Reservation of Rights), the United States covenants not to
11  sue or to take administrative action against that Settling Defendant pursuant to
12  Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606, 9607 for performance of
13  the Work and for recovery of Response Costs. This covenant not to sue shall take
14  effect upon the receipt by the Forest Service of the funds referenced in Paragraph
15  5 and any amount due under Section VII (Failure to Comply with Consent Decree
16  Requirements). This covenant not to sue accorded to Settling Defendant is
17  conditioned upon satisfactory performance by Settling Defendant of its obligations
18  under this Consent Decree. These covenants not to sue extend only to the Settling
19  Defendant and do not extend to any other person.

20              IX.  RESERVATION OF RIGHTS

21    14. Pre-certification Reservations. Notwithstanding any other provision of
22  this Consent Decree, the United States reserves, and this Consent Decree is
23  without prejudice to, the right to institute proceedings in this action or in a new
24  action, or to issue an administrative order seeking to compel Settling Defendant
25  (a) to perform further response actions relating to the Site or (b) to reimburse the
26  United States for additional costs of response if, prior to Certification of
27  Completion of the Groundwater Remedial Action(s) implementing the
28  Groundwater ROD or the date of issuance of the Five Year Remedy Review

- 8 -

1  Report for the Groundwater Remedial Action(s), whichever is earliest:

2          (1)  conditions at the Site, previously unknown to the Forest Service,

3  are discovered, or

4          (2)  information, previously unknown to the Forest Service, is

5  received, in whole or in part, and the Forest Service determines that these

6  previously unknown conditions or information together with any other relevant

7  information indicates that the Remedial Actions are not protective of human health

8  or the environment.

9          15.  Post-certification Reservations.  Notwithstanding any other provision of

10  this Consent Decree, the United States reserves, and this Consent Decree is

11  without prejudice to, the right to institute proceedings in this action or in a new

12  action, or to issue an administrative order seeking to compel Settling Defendant

13  (a) to perform further response actions relating to the Site or (b) to reimburse the

14  United States for additional costs of response if, subsequent to Certification of

15  Completion of the Groundwater Remedial Action(s) implementing the

16  Groundwater ROD or the date of issuance of the Five Year Remedy Review

17  Report for the Groundwater Remedial Action(s), whichever is earliest:

18          (1)  conditions at the Site, previously unknown to the Forest Service,

19  are discovered, or

20          (2)  information, previously unknown to the Forest Service, is

21  received, in whole or in part, and the Forest Service determines that these

22  previously unknown conditions or this information together with other relevant

23  information indicate that the Remedial Actions are not protective of human health

24  or the environment.

25          16.  For purposes of Paragraph 14, the information and the conditions

26  known to the Forest Service shall include only that information and those

27  conditions known to the Forest Service as of the date of the signing of the

28  Groundwater ROD and set forth in the Records of Decision for OU-1 and the

- 9 -

1 Groundwater ROD and the Administrative Records supporting the OU-1 and
2 Groundwater RODs. For purposes of Paragraph 15, the information and the
3 conditions known to Forest Service shall include only that information and those
4 conditions known to Forest Service as of the date, whichever is later, of
5 Certification of Completion of the Remedial Action(s) implementing the
6 Groundwater ROD, or the date of issuance of the Groundwater Five Year Remedy
7 Review Report, and set forth in the OU-1 and Groundwater RODs,  the
8 administrative records supporting the OU-1 and Groundwater ROD, and the
9 post-OU-1 and post- Groundwater RODs' non-privileged documents in the Site
10 file.

11      17.  General Reservation of Rights.  The covenants not to sue set forth in
12 Paragraph 13 do not pertain to any matters other than those expressly specified
13 therein.  The United States reserves, and this Consent Decree is without prejudice
14 to, all rights of the United States against Settling Defendants with respect to all
15 other matters including, but not limited to, the following:

16           (1)  claims against Settling Defendant based on a failure by Settling
17 Defendant to meet a requirement of this Consent Decree;

18           (2)  liability of Settling Defendant arising from the past, present, or
19 future disposal, release, or threat of release of hazardous substances, pollutants,
20 contaminants, or solid wastes outside of the Site;

21           (3)  liability of Settling Defendant for disposal of hazardous
22 substances, pollutants, contaminants, or solid wastes at the Site by Settling
23 Defendant after signature of this Consent Decree;

24           (4)  liability of Settling Defendant for damages for injury to,
25 destruction of, or loss of natural resources, and for the costs of any natural
26 resource damage assessments;  and

27           (5) any criminal liability.

28      18.  Notwithstanding any other provision of this Consent Decree, the United

- 10 -

1 States retains all authority and reserves all rights to take any and all removal
2 actions or remedial actions (as those terms are defined in CERCLA), as authorized
3 by law.

4         X. <u>COVENANT NOT TO SUE BY SETTLING DEFENDANT</u>

5         19. Except as provided below in Paragraph 20, upon the effective date of
6 the Consent Decree the Court dismisses with prejudice any type of claim asserted
7 by Settling Defendant against the United States with regard to the Site. Settling
8 Defendant also hereby covenants not to sue and agrees not to assert any claims or
9 causes of action against the United States, or its contractors or employees, with
10 respect to the Response Costs, the Work, or this Consent Decree, including, but
11 not limited to:

12         a. any direct or indirect claim for reimbursement from the Hazardous
13 Substance Superfund (established pursuant to the Internal Revenue Code, 26
14 U.S.C. § 9507) based on CERCLA Sections 106(b)(2), 107, 111, 112, or 113, 42
15 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

16         b. any claims arising out of response actions at or in connection with
17 the Site, including any claims under the United States Constitution, the California
18 Constitution, the Tucker Act, 42 U.S.C. § 1491, the Equal Access to Justice Act,
19 28 U.S.C. § 2412, as amended, or at common law.

20         c. any claims against the United States under CERCLA Sections 107
21 or 113 related to the Site;

22         d. any claims against the United States arising out of response
23 activities at the Site, including claims based on the Forest Service's selection of
24 response actions, oversight of response activities or approval of plans for such
25 activities.

26         20. Except as provided in Paragraph 22 (Waiver of Claims) and Paragraph
27 27 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not
28 apply in the event the United States brings a cause of action or issues an order

1  pursuant to the reservations set forth in Paragraph 17, but only to the same extent
2  and for the same matters, transactions, or occurrences as are raised in the claim of
3  the United States against Settling Defendant.

4      21. Nothing in this Consent Decree shall be deemed to constitute approval
5  or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42
6  U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

7      22. Settling Defendant hereby agrees not to assert any CERCLA claims or
8  causes of action that it may have for all matters relating to Response Costs, or the
9  Work, including for contribution, against any person other than Settling
10  Defendant's insurance carriers and potentially responsible parties who are not
11  signatories to this Consent Decree or another Consent Decree in connection with
12  the Site, for damages or costs of any kind relating to response actions and costs
13  incurred at the Site, including without limitation, claims under Sections 107 and
14  113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, common law claims of negligence,
15  contribution, equitable indemnity and restitution, and claims under any other
16  federal, state or local statutory or common law. This waiver shall not apply with
17  respect to any defense, claim, remedy or cause of action that Settling Defendant
18  may have against any person if such person asserts a claim, cross-claim, or cause
19  of action relating to the Site against Settling Defendant.

20      XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

21      23. Except as expressly provided in Paragraph 22, nothing in this Consent
22  Decree shall be construed to create any rights in, or grant any cause of action to,
23  any person not a Party to this Consent Decree. The preceding sentence shall not
24  be construed to waive or nullify any rights that any person not a signatory to this
25  Decree may have under applicable law. Except as provided in Paragraph 22, the
26  Parties expressly reserve any and all rights (including, but not limited to, any right
27  to contribution), defenses, claims, demands, and causes of action which each Party
28  may have with respect to any matter, transaction, or occurrence relating in any way

- 12 -

1  to the Site against any person not a Party hereto.  Nothing in this Consent Decree
2  diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of
3  CERCLA, 42 U.S.C.§ 9613(f)(2)-(3), to pursue any such persons to obtain
4  additional response costs or response action and to enter into settlement that give
5  rise to contribution protection pursuant to Section 113(f)(2).  The Parties intend
6  that neither this Decree nor its contents shall constitute evidence in any proceeding
7  of any liability or obligation whatsoever of Settling Defendant, except that it may
8  be used by the United States or the Settling Defendant in any action brought to
9  enforce or interpret this Decree and the rights and obligations of the parties
10  hereunder.

11      24.  The Parties agree, and by entering this Consent Decree this Court finds,
12  that this settlement consititutes a judicially-approved settlement for purposes of
13  Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2) and that the Settling
14  Defendant is entitled, as of the Effective Date of this Consent Decree, to
15  protection from contribution actions or claims as provided by CERCLA Section
16  113(f)(2), 42 U.S.C. § 9613(f)(2), or as may otherwise be provided by law, for
17  "matters addressed" in this Consent Decree.  For purposes of this Paragraph,
18  "matters addressed" shall mean (a) the Work, (b) all Response Costs incurred prior
19  to the entry of this Consent Decree by the United States or any other person at or
20  in connection with the Site, and (c) all Response Costs related to the
21  implementation or oversight of the Work to be incurred after the entry of this
22  Consent Decree by the United States or any other person at or in connection with
23  the Site; provided, however, that if the United States exercises rights under the
24  reservations in Section X (Covenant Not to Sue by Plaintiff), other than in
25  Paragraphs 1 (claims for failure to meet a requirement of the settlement, 5
26  (criminal liability) the "matters addressed" in this Consent Decree will no longer
27  include those response costs or response actions that are within the scope of the
28  excercised reservation.

- 13 -

1    25. The Settling Defendant shall, with respect to any suit or claim brought

2  by it for matters related to this Consent Decree, other than the current litigation

3  (U.S. v. El Dorado County, et al., Case No. 2:01-cv-01520-MCE-GCH), notify the

4  United States in writing no later than 60 days prior to the initiation of such suit or

5  claim.

6    26. The Settling Defendant shall, with respect to any suit or claim brought

7  against it for matters related to this Consent Decree, notify the United States in

8  writing within 10 days of service of the complaint on them. In addition, Settling

9  Defendant shall notify the United States within 10 days of service or receipt of any

10  Motion for Summary Judgment and within 10 days of receipt of any order from a

11  court setting a case for trial.

12    27. In any subsequent administrative or judicial proceeding initiated by the

13  United States for injunctive relief, recovery of response costs, or other relief

14  relating to the Site, Settling Defendant shall not assert, and may not maintain, any

15  defense or claim based upon the principles of waiver, res judicata, collateral

16  estoppel, issue preclusion, claim-splitting, or other defenses based upon any

17  contention that the claims raised by the United States in the subsequent proceeding

18  were or should have been brought in the instant case; provided, however, that

19  nothing in this Paragraph affects the enforceability of the covenants not to sue set

20  forth in Section VIII (Covenants Not to Sue by Plaintiff).

21                    XII. ACCESS

22    28. Notwithstanding any provision of this Consent Decree, the United

23  States retains all of its access authorities and rights, including enforcement

24  authorities related thereto, under CERCLA, RCRA, and any other applicable

25  statute or regulations.

26            XIII. ACCESS TO INFORMATION

27    29. Settling Defendant shall provide to the Forest Service, upon request,

28  copies of all non-privileged and non-confidential documents and information

- 14 -

1  within its possession or control or that of its contractors or agents relating to

2  activities at the Site or to the implementation of this Consent Decree, including,

3  but not limited to, sampling, analysis, chain of custody records, manifests,

4  trucking logs, receipts, reports, sample traffic routing, correspondence, or other

5  documents or information related to the Site.

6        30. Confidential Business Information and Privileged Documents.

7              a. Settling Defendant may assert business confidentiality claims

8  covering part or all of the documents or information submitted to Plaintiff under

9  this Consent Decree to the extent permitted by and in accordance with applicable

10  law, including but not limited to Section 104(e)(7) of CERCLA, 42 U.S.C. §

11  9604(e)(7), and 40 C.F.R. § 2.203(b).  Documents or information determined to be

12  confidential by the Forest Service will be accorded the protection specified in 40

13  C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies documents or

14  information when they are submitted to the Forest Service, or if the Forest Service

15  has notified Settling Defendant that the documents or information are not

16  confidential under the standards of Section 104(e)(7) of CERCLA, or 40 C.F.R.

17  Part 2, Subpart B, the public may be given access to such documents or

18  information without further notice to Settling Defendant.

19        b. The Settling Defendant may assert that certain documents, records and

20  other information are privileged under the attorney-client privilege or any other

21  privilege recognized by federal law.  If the Settling Defendant asserts such a

22  privilege in lieu of providing documents, it shall provide the Plaintiff with the

23  following: (1) the title of the document, record, or information; (2) the date of the

24  document, record, or information; (3) the name, title, affiliation (e.g., company or

25  firm), and address of the author of the document, record, or information; (4) the

26  name and title of each addressee and recipient; (5) a description of the subject of

27  the document, record, or information; and (6) the privilege asserted by Settling

28  Defendant.  However, no document, report or other information created or

- 15 -

1  generated pursuant to the requirements of the Consent Decree shall be withheld on
2  the grounds that it is privileged.

3       31.  No claim of confidentiality shall be made with respect to any data,
4  including, but not limited to, all sampling, analytical, monitoring, hydrogeologic,
5  scientific, chemical, or engineering data, or any other similar documents or
6  information evidencing conditions at or around the Site.

7                  XIV.  <u>RETENTION OF RECORDS</u>

8       32.  Until 5 years after the Settling Defendant's receipt of the Forest
9  Service's notification, transmitted pursuant to Paragraph 35, of the issuance of the
10 Forest Service's Certification of Completion of the Groundwater ROD or Five
11 Year Remedy Review Report for the Groundwater Remedial Action(s), whichever
12 is earliest, Settling Defendant shall preserve and retain all records and documents
13 now in its possession or control, or which come into its possession or control, that
14 relate in any manner to response actions taken at the Site or liability of any person
15 for response actions conducted and to be conducted at the Site, regardless of any
16 retention policy to the contrary.

17      33.  At the conclusion of this document retention period, Settling Defendant
18 shall notify the United States at least 90 days prior to the destruction of any such
19 records or documents, and, upon request by the United States, Settling Defendant
20 shall deliver any such records or documents to the Forest Service.  The Settling
21 Defendant may assert that certain documents, records and other information are
22 privileged under the attorney-client privilege or any other privilege recognized by
23 federal law.  If the Settling Defendant asserts such a privilege, it shall provide the
24 Plaintiff with the following:  (1) the title of the document, record, or information;
25 (2) the date of the document, record, or information; (3) the name, title, affiliation
26 (e.g., company or firm), and address of the author of the document, record, or
27 information; (4) the name and title of each addressee and recipient; (5) a
28 description of the subject of the document, record, or information; and (6) the

1  privilege asserted by Settling Defendant. However, no document, report or other

2  information created or generated pursuant to the requirements of the Consent

3  Decree shall be withheld on the grounds that it is privileged.

4      34.  Settling Defendant hereby certifies that, to the best of its knowledge

5  and belief, after thorough inquiry, it has not altered, mutilated, discarded,

6  destroyed or otherwise disposed of any records, documents or other information

7  relating to its potential liability regarding the Site since notification of potential

8  liability by the United States or the filing of suit against it regarding the Site, and

9  that it has fully complied with any and all Forest Service requests for information

10  pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e),

11  9622(e).

12                      XV.  NOTICES AND SUBMISSIONS

13      35.  Whenever, under the terms of this Consent Decree, written notice is

14  required to be given or a report or other document is required to be sent by one

15  Party to another, it shall be directed to the individuals at the addresses specified

16  below, unless those individuals or their successors give notice of a change to the

17  other Parties in writing.  All notices and submissions shall be considered effective

18  upon receipt, unless otherwise provided.  Written notice as specified herein shall

19  constitute complete satisfaction of any written notice requirement of the Consent

20  Decree with respect to the United States, the Forest Service,  and the Settling

21  Defendant, respectively.

22  As to the United States:

23  Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
24  U.S. Department of Justice
    P.O. Box 7611, Ben Franklin Station
25  Washington, D.C.  20044
    Re: DJ # 90-11-3-06554

26

27  As to the Forest Service:

28  Dennis Geiser
    Regional Environmental Engineer

- 17 -

1  Pacific Southwest Region, Region 5
   1323 Club Drive
2  Vallejo, California 94592

3  Gail Bakker, C.Hg., P.G.
   Tahoe National Forest
4  631 Coyote Street
   Nevada City, CA 95959
5
   Rose Miksovsky
6  Staff Attorney
   Office of the General Counsel
7  33 New Montgomery St., 17th Floor
   San Francisco, California 94150
8

9  As to the Settling Defendant:
10
   Catherine L. DiCamillo, City Attorney
11 Office of the City Attorney
   City of South Lake Tahoe
12 1901 Airport Road, Suite 300
   South Lake Tahoe, CA 96150
13
   With a copy to:
14
   Tripp Goldsberry, Esq.
15 Goldsberry, Freeman & Guzman LLP
   777 12th Street, Suite 250
16 Sacramento CA 95814

17

18            XVI. EFFECTIVE DATE

19      36. The effective date of this Consent Decree shall be the date upon which

20 this Consent Decree is entered by the Court.

21         XVII. RETENTION OF JURISDICTION

22      37. This Court retains jurisdiction over this matter for the purpose of

23 interpreting and enforcing the terms of this Consent Decree.

24        XVIII. INTEGRATION/APPENDICES

25      38. This Consent Decree and its appendices constitute the final, complete

26 and exclusive agreement and understanding among the Parties with respect to the

27 settlement embodied in this Consent Decree. The Parties acknowledge that there

28 are no representations, agreements, or understandings relating to the settlement

- 18 -

other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the map of the Site;

"Appendix B" is a copy of the OU-1 ROD.

## XIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

39. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

40. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XX. SIGNATORIES/SERVICE

41. The undersigned representatives of the Settling Defendant and the Deputy Chief, Environmental Enforcement Section, Environment and Natural Resources Division of the United States Department of Justice, or their delegates certify that each is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

42. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendant in writing that it no longer supports entry of the Consent Decree.

43. Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising

- 19 -

1  under or relating to this Consent Decree.  Settling Defendant hereby agrees to

2  accept service in that manner and to waive the formal service requirements set

3  forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local

4  rules of this Court, including, but not limited to, service of a summons.

5                          XXI.  FINAL JUDGMENT

6         44.  Upon approval and entry of this Consent Decree by the Court, this

7  Consent Decree shall constitute a final judgment between and among the United

8  States and the Settling Defendant.  The Court finds that there is no just reason for

9  delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P.

10  54 and 58.

11

12     SO ORDERED THIS   11   DAY OF   January  , 2010

13

14

15              MORRISON C. ENGLAND, JR.

16              United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1      THE UNDERSIGNED PARTY enter into this Consent Decree in the matter

2  of United States v. El Dorado County, et al., Case No. 2:01-cv-01520-MCE-GCH.

3

4

5  FOR THE UNITED STATES OF AMERICA

6

7

8  Dated:_____

9                          ELLEN M. MAHAN
                              Deputy Chief,

10                        Environmental Enforcement Section,
                        Environment and Natural Resources

11                        Division
                        U.S. Department of Justice

12                        Washington, D.C.  20530

13

14

15  Dated: 10/8/09

16                        KARL J. FINGERHOOD
                        Trial Attorney

17                        Environmental Enforcement Section
                        Environment and Natural Resources

18                        Division
                        U.S. Department of Justice

19

20

21  Dated:_____

22                        ANDREW DOYLE
                        Trial Attorney

23                        Environmental Defense Section
                        Environment and Natural Resources

24                        Division
                        U.S. Department of Justice

25

26

27

28

- 21 -

1   THE UNDERSIGNED PARTY enter into this Consent Decree in the matter of
    United States v. El Dorado County, et al., Case No. 2:01-cv-01520-MCE-GCH.

2

3   FOR THE UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST
    SERVICE

4

5   Dated: 10/8/09

6                                       RANDY MOORE
                                        Regional Forester
7                                       U.S. Department of Agriculture
                                        Forest Service
8                                       1323 Club Drive
                                        Vallejo, California  94592

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 22 -

THE UNDERSIGNED PARTY enter into this Consent Decree in the matter of United States v. El Dorado County, et al., Case No. 2:01-cv-01520-MCE-GCH.

FOR THE CITY OF SOUTH LAKE TAHOE, CALIFORNIA

Dated: _June 19, 2009_

_Catherine L. Di Camillo_
CATHERINE L. DiCAMILLO
City Attorney
City of South Lake Tahoe,
A Municipal Corporation

Dated: _9/10/2009_

TRIPP GOLDSBERRY
Goldsberry, Freeman & Guzman LLP

Agent Authorized to Accept Service on Behalf of Above-signed Party:

City Attorney
City of South Lake Tahoe
1901 Airport Road, Suite 300
South Lake Tahoe, CA  96150

- 23 -

# APPENDIX A



Site Features Map
Meyers Landfill
El Dorado County, California