**FILED**

JAN 1 1 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

1  JOHN C. CRUDEN
   Acting Assistant Attorney General
2  Environment and Natural Resources Division
   U.S. Department of Justice
3
   KARL J. FINGERHOOD
4  Trial Attorney
   Environmental Enforcement Section
5  Environment and Natural Resources Division
   U.S. Department of Justice
6  P.O. Box 7611
   Washington, D.C. 20044-7611
7  Tel: (202) 514-7519
   Fax: (202) 514-2583
8
   karl.fingerhood@usdoj.gov
9
   ANDREW DOYLE
10 Trial Attorney
   Environmental Defense Section
11 Environment and Natural Resources Division
   P.O. Box 23986
12 Washington, D.C. 20026-3986
   Tel: (202) 514-4427
13 Fax: (202) 514-8865
14 andrew.doyle@usdoj.gov
15 LAWRENCE G. BROWN
   Acting United States Attorney
16 Eastern District of California
17 SYLVIA QUAST
   Assistant U.S. Attorney
18 501 " I " Street Suite 10-100
   Sacramento, CA 95814
19 Phone: (916) 554-2700
   Fax: (916) 554-2900
20
   sylvia.quast@usdoj.gov
21
                   IN THE UNITED STATES DISTRICT COURT
22                FOR THE EASTERN DISTRICT OF CALIFORNIA
23

| | |
|---|---|
| 24  UNITED STATES OF AMERICA, | |
| 25           Plaintiff, | |
| 26           v. | Civil No. S-01-1520 MCE GGH |
| 27  EL DORADO COUNTY, CALIFORNIA; and CITY OF SOUTH LAKE TAHOE, | CONSENT DECREE WITH SOUTH TAHOE PUBLIC |
| 28  CALIFORNIA, | UTILITY DISTRICT |
|           Defendants. | |
|  AND RELATED ACTIONS | |

1

## TABLE OF CONTENTS

2

3   I.          BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4   II.         JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5   III.        PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6   IV.         DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7   V.          STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . 4

8   VI.         COOPERATION   AND   ASSISTANCE   IN   IMPLEMENTING

9               THE  SITE  REMEDY . . . . . . . . . . . . . . . . . . . . .  5

10  VII.        COVENANT  NOT  TO  SUE  BY  PLAINTIFF . . . . . . . . . . . . . .  6

11  VIII.       RESERVATION  OF  RIGHTS  BY  UNITED  STATES . . . . . . .  5

12  IX.         COVENANT  NOT  TO  SUE  BY  THE  DISTRICT . . . . . .  7

13  X.          RESERVATION  OF  RIGHTS  BY  THE  DISTRICT . . . . . .  7

14  XI.         EFFECT  OF  SETTLEMENT/CONTRIBUTION  PROTECTION . . . .  8

15  XII.        ACCESS . . . . . . . . . . . . . . . . . . . . . . . . .  10

16  XIII.       NOTICES   AND   SUBMISSIONS . . . . . . . . . .  11

17  XIV.        RETENTION  OF  JURISDICTION . . . . . . . . . . . .  13

18  XV.         INTEGRATION/APPENDICES . . . . . . . . . . . . . . .  13

19  XVI.        LODGING  AND  OPPORTUNITY  FOR  PUBLIC  COMMENT . . . . . 13

20  XVII.       EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

21  XVIII.      SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . 14

22  XIX.        FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

23

24

25

26

27

28

# I. **BACKGROUND**

A.   The United States of America ("United States"), on behalf of the United States Department of Agriculture, Forest Service ("Forest Service"), filed a complaint in this matter against El Dorado County, California and the City of South Lake Tahoe, California, pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Meyers Landfill Site in South Lake Tahoe, El Dorado County, California ("the Site").

B.   El Dorado County ("EDC") filed a third party complaint against several third parties, including the South Tahoe Public Utility District ("the District"), alleging that the District was liable under CERCLA as a generator.

C.   Among other actions taken in response to the third party complaint by EDC against the District, the District filed a Third Party Cross Complaint against Cross Defendant United States seeking Declaratory and Injunctive relief under CERCLA for contribution, as well as Quiet Title, alleging, among other things, that it had an easement to maintain its sewer lines on National Forest System lands.   The United States filed a Third Party Cross-Claim against the District, alleging trespass for the District's maintenance of the sewer lines on National Forest System lands was without authorization, and for ejectment.   Subsequently, the District filed a First Amended and Second Amended Third Party Cross Complaint, and the United States re-iterated its responses and counter claims.

D.   On January 13, 2005, the District filed a Fourth-Party Complaint for Declaratory and Injunctive Relief and other Remedies under the Administrative Procedure Act ("APA") against the Federal Defendants, seeking judicial review of the Forest Service's Amendment 3 of the District's Special Use Permit and the Forest Service's May 5, 2003 letter from Maribeth Gustafson related to the District's special use authorization.   The District's Second Amended Third Party Cross Complaint for Quiet Title, the United States' Third Party Cross-Claims for declaratory and injunctive relief, trespass and ejectment, and the District's Fourth-Party Complaint against the United States

1  for declaratory and injunctive relief under the APA are resolved in a separate, interdependent,

2  Settlement Agreement, which shall become effective upon its execution by all parties to that

3  agreement and the court's approval and entry of this Consent Decree. As set forth in the Settlement

4  Agreement, should the court fail to approve this Consent Decree, that Settlement Agreement will be

5  null and void.

6      E.   The United States does not admit any liability arising out of the transactions or

7  occurrences alleged in any of the counterclaims, cross complaint or fourth party complaint, nor does

8  it concede subject matter jurisdiction for any non-CERCLA cause of action.

9      F.  The District does not admit any liability to Plaintiff or Third-Party Plaintiff arising out

10  of the transactions or occurrences alleged in the complaint or Third Party Claims.

11     G.  The United States and the District agree, and this court by entering this Consent Decree

12  finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of

13  this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent

14  Decree is fair, reasonable, and in the public interest.

15     THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED,

16  AND DECREED:

17                **II. JURISDICTION**

18     1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§

19  1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over the

20  District. The District consents to, and shall not challenge entry of this Consent Decree or this court's

21  jurisdiction to enter and enforce this Consent Decree.

22                **III. PARTIES BOUND**

23     2. This Consent Decree is binding upon the United States, Forest Service and upon the

24  District and its successors and assigns. Any change in ownership or corporate or other legal status,

25  including, but not limited to, any transfer of assets or real or personal property, shall in no way alter

26  the status or responsibilities of the District under this Consent Decree.

27                **IV. DEFINITIONS**

28     3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are

- 2 -

1   defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned

2   to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent

3   Decree or in any appendix attached hereto, the following definitions shall apply:

4           a.    "CERCLA" shall mean the Comprehensive Environmental Response,

5   Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

6           b. "Consent Decree" shall mean this Consent Decree and all appendices attached

7   hereto.  In the event of conflict between this Consent Decree and any appendix, this Consent Decree

8   shall control.

9           c. "Day" shall mean a calendar day.  In computing any period of time under this

10  Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period

11  shall run until the close of business of the next working day.

12          d. "District" shall mean the South Tahoe Public Utility District.

13          e. "DOJ" shall mean the United States Department of Justice and any successor

14  departments, agencies or instrumentalities of the United States, including, without limitation, the

15  Forest Service.

16          f. "Forest Service" shall mean the United States Department of Agriculture, Forest

17  Service and any successor departments, agencies or instrumentalities of the United States.

18          g. "Other Response Agency" shall mean a governmental agency or entity other than

19  the Forest Service that may become the "lead agency," as defined in Section 300.5 of the National

20  Contingency Plan ("NCP"), 40 C.F.R. § 300.5 should title to the property encompassing the Site, or

21  a portion of the Site, be transferred to an entity other than the United States.  The Site is currently

22  located on National Forest System Lands administered by the Lake Tahoe Basin Management Unit

23  of the Forest Service, and the Forest Service is currently the lead agency for the Site.  To the extent

24  title to the Site property is transferred to the State of California, County of El Dorado, or other entity

25  besides the United States, the lead agency responsibility for the Site would be transferred, pursuant

26  to the NCP, to an Other Response Agency, including possibly the U.S. Environmental Protection

27  Agency, the California Department of Toxic Substances Control, or the Lahonton Regional Water

28  Quality Control Board.

- 3 -

1        h. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic

2  numeral or an upper or lower case letter.

3          i. "Parties" shall mean the United States, Forest Service and the District.

4          j. "Plaintiff" shall mean the United States.

5          k. "Section" shall mean a portion of this Consent Decree identified by a Roman

6  numeral.

7          l. "Site" shall mean the Meyers Landfill Site, located in Meyers, El Dorado County,

8  California, encompassing the areal extent of contamination including approximately 11 acres of

9  buried waste, and including the groundwater plume originating therefrom (which presently has an

10  areal extent of approximately 31 acres), and generally shown on the map included in Exhibit A,

11  which is incorporated herein by reference.

12        m. "Site Portion of Trout Creek Trunk Pipeline" shall mean that portion of the

13  District's Trout Creek Trunk Pipeline located within the Site, generally depicted on the map attached

14  hereto as Exhibit B, which is incorporated herein by reference, and including manholes numbered

15  45-50.

16        o. "Settlement Agreement" shall mean the separate Settlement Agreement resolving

17  the District's Second Amended Third Party Cross Complaint for Quiet Title, the United States' Third

18  Party Cross Claims, and the District's Fourth-Party Complaint.

19        p. "United States" shall mean the United States of America, including its

20  departments, agencies and instrumentalities.

21        q. "Work Party" shall mean the party or parties implementing the remedy ultimately

22  selected for the Site.

23                  **V. STATEMENT OF PURPOSE**

24     4. By entering into this Consent Decree, the mutual objectives of the Parties are:

25        a. to reach a final settlement among the Parties with respect to the Site that acknowledges that

26  the District has provided valuable consideration to the United States sufficient to resolve the

27  District's alleged liability under Sections 106, 107 and 113 of CERCLA, 42 U.S.C. §§ 9606, 9607

28

1    and 9613 with regard to the Site and for response costs incurred, and to be incurred at or in

2    connection with the Site, thereby reducing litigation relating to the Site;

3            b. to simplify any remaining administrative and judicial enforcement activities concerning

4    the Site by eliminating a potentially responsible party from further involvement at the Site.

5    **VI.  COOPERATION AND ASSISTANCE IN IMPLEMENTING THE SITE REMEDY**

6            5. The District, given its familiarity and expertise in connection with the Site Portion of

7    the Trout Creek Trunk Pipeline, agrees to cooperate with, and to provide reasonable technical

8    assistance to, the Forest Service and the Work Party or Work Parties with respect to the

9    implementation of the portion of the OU-1 remedy involving waste above, or immediately

10   adjacent to, the Site Portion of the Trout Creek Trunk Pipeline.  Areas of cooperation and

11   coordination between the Parties, as part of the OU-1 Remedial Design and the Remedial Action

12   include:  (1) field investigation efforts necessary for remedial design preparation which may be in

13   the vicinity of the Site Portion of the Trout Creek Trunk Pipeline; (2) preparation of the remedial

14   design components relevant to the waste consolidation component of the OU-1 remedy cap

15   configuration which may effect the Site Portion of the Trout Creek Trunk Pipeline, including

16   construction plans; and (3) remedy construction/field activities in the vicinity of the Site Portion

17   of the Trout Creek Trunk Pipeline related to the waste consolidation component of the remedy.

18   As long as the Site is under the jurisdiction of the Forest Service, the Forest Service agrees to

19   use its best efforts to provide reasonable advance notice of no less than 48 hours to the District of

20   work to be performed above or immediately around the Site Portion of the Trout Creek Trunk

21   Pipeline so the Parties may work cooperatively to protect the integrity of the Site Portion of the

22   Trout Creek Trunk Pipeline.  The Forest Service will use its best efforts to include a similar

23   provision in any agreement with any Work Party at the Site.  In addition, the Forest Service will

24   use its best efforts to include provisions requiring the Work Party or Parties and its/their

25   contractors to maintain commercial general liability insurance in an appropriate amount and

26   naming the United States and the District as additional insureds.

27           6. Nothing in this Section or Consent Decree shall be construed as a determination,

28   finding or assertion that the District is to be a Work Party in this or any other Consent Decree.

- 5 -

1

## VII. COVENANT NOT TO SUE BY UNITED STATES

2      7. Covenant Not to Sue by United States. Except as specifically provided in Section VIII
3  (Reservation of Rights by United States), the United States covenants not to sue or to take
4  administrative action against the District pursuant to Sections 106 and 107(a), and 113(g)(3) of
5  CERCLA, 42 U.S.C. §§ 9606, 9607(a), and 9613(g)(3), with regard to the Site. With respect to
6  present and future liability, this covenant not to sue shall take effect upon entry of this Consent
7  Decree by the Court. This covenant not to sue extends only to the District and does not extend to
8  any other person.

9

## VIII. RESERVATION OF RIGHTS BY UNITED STATES

10      8. Except as provided in Paragraph 12 (Waiver of Claims) and Paragraph 16 (Waiver of
11  Claim-Splitting Defenses), the United States reserves, and this Consent Decree is without
12  prejudice to, all rights against the District with respect to all matters not expressly included
13  within the Covenant Not to Sue by United States in Paragraph 7. Notwithstanding any other
14  provision of this Consent Decree, the United States reserves all rights against the District with
15  respect to the Site for:

16      a. criminal liability;

17      b. liability for damages for injury to, destruction of, or loss of natural resources,
18  and for the costs of any natural resource damage assessments;

19      c. liability, based upon the District's transportation, treatment, storage, or
20  disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous
21  substance or a solid waste at or in connection with the Site, after signature of this Consent Decree
22  by the District;

23      d. liability arising from the past, present, or future disposal, release or threat of
24  release of a hazardous substance, pollutant, or contaminant other than those emanating from the
25  Site.

26      With respect to present and future liability, this reservation of rights and covenant not to
27  sue (Paragraphs 7 and 8, above) shall take effect upon entry of this Consent Decree by the Court.

28

## IX.  COVENANT NOT TO SUE BY THE DISTRICT

9. Except as specifically provided in Section X (Reservation of Rights by the District), the District covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law;

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

## X.  RESERVATION OF RIGHTS BY THE DISTRICT

10.   Except as provided in Paragraph 12 (Waiver of Claims) and Paragraph 16 (Waiver of Claim-Splitting Defenses), the District expressly reserves, and this Consent Decree is without prejudice to, all rights against the United States with respect to:

a. the United States bringing a cause of action or issuing an order pursuant to the reservations set forth in Paragraph 8 (c) - (d), but only to the extent that the District's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation;

b. Claims against the United States, for which Congress has provided a waiver of sovereign immunity, including but not limited to, the provisions of Chapter 171 of Title 28 of the United States Code, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place

-7-

1  where the act or omission occurred. However, any such claim shall not include a claim for any
2  damages caused, in whole or in part, by the act or omission of any person, including any
3  contractor, who is not a federal employee as that term is defined in 28 U.S.C. § 2671; nor shall
4  any such claim include a claim based on Forest Service's selection of response actions, or the
5  oversight or approval of the Work Party's or Parties plans or activities. The foregoing applies
6  only to claims which are brought pursuant to any statute other than CERCLA and for which the
7  waiver of sovereign immunity is found in a statute other than CERCLA. Nothing in this
8  paragraph is meant to preclude the District's right to pursue an action for damage to or
9  interruption of the District's use of the Site Portion of the Trout Creek Trunk Pipeline against a
10  Work Party or agent or contractor acting on behalf or at the behest of a Work Party or against a
11  nonfederal employee contractor hired by the Forest Service. Notwithstanding the foregoing, the
12  District expressly reserves any rights it may have against response action contractors under 42
13  U.S.C. § 9619(a).

14      With respect to present and future liability, this reservation of rights and covenant not to
15  sue (Paragraphs 9 and 10, above) shall take effect upon entry of this Consent Decree by the
16  Court.

17      11. Nothing in this Consent Decree shall be deemed to constitute approval or
18  preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or
19  40 C.F.R. 300.700(d).

20      12. The District agrees not to assert any CERCLA claims or CERCLA causes of action
21  that it may have for all matters relating to the Site, including the Site portion of the Trout Creek
22  Trunk pipeline, including for contribution, against any non-party to this CERCLA action. This
23  paragraph shall not apply in the event a claim is brought against the District based upon the
24  Reservation of Rights in Paragraph 8(d) above or under Section 107 of CERCLA by any person
25  or under Section 113 of CERCLA by any non-party to this CERCLA action.

26      **XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

27      13. Except as provided in Paragraph 12, nothing in this Consent Decree shall be
28  construed to create any rights in, or grant any cause of action to, any person not a Party to this

- 8 -

1  Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights

2  that any person not a signatory to this Decree may have under applicable law.  Except as

3  provided in Paragraph 12, the Parties expressly reserve any and all rights (including, but not

4  limited to, any right to contribution), defenses, claims, demands, and causes of action which they

5  may have with respect to any matter, transaction, or occurrence relating in any way to the Site

6  against any person not a Party hereto.

7      14. The Parties agree, and by entering this Consent Decree this court finds, that this

8  settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2), and that

9  the District is entitled, as of the date of entry of this Consent Decree, to protection from

10  contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. §

11  9613(f)(2) or as may be otherwise provided by law, for "matters addressed" in this Consent

12  Decree.  Further, the Parties agree, and by entering this Consent Decree this court finds, that the

13  District and the United States settlement of this matter is fair and equitable.  The "matters

14  addressed" in this Consent Decree are all response actions taken or to be taken and all response

15  costs incurred or to be incurred, at or in connection with the Site, by the United States or any

16  other person; provided, however, that if the United States exercises rights under the reservations

17  in Section VIII (Reservation of Rights by United States), other than claims for failure to comply

18  with this Decree or in Paragraph 8(a) (criminal liability), the "matters addressed" in this Consent

19  Decree will no longer include those response costs or response actions that are within the scope

20  of such reservations.

21      15. The District shall, with respect to any suit or claim brought against it for matters

22  related to this Consent Decree, notify the Forest Service and DOJ in writing within 10 days of

23  service of the complaint or claim upon it.  In addition, the District shall notify the Forest Service

24  and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within

25  10 days of receipt of any order from a court setting a case for trial, for matters related to this

26  Consent Decree.

27      16. In any subsequent administrative or judicial proceeding initiated by either Party

28  within the scope of the Reservation of Rights set forth in paragraphs 8 and 10 or the Covenant

-9-

1 Not to Sue set forth in Paragraphs 7 and 9 for injunctive relief, recovery of response costs, or
2 other relief relating to the Site, the Parties shall not assert, and may not maintain, any defense or
3 claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion,
4 claim-splitting, or other defenses based upon any contention that the claims raised by the other in
5 the subsequent proceeding were or should have been brought in the instant case; provided,
6 however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by
7 Plaintiff set forth in Section VIII or the Settlement Agreement.

8      17. Entry of this Consent Decree by the court resolves the District's CERCLA claims set
9 forth in its Second Amended Third Party Cross Complaint against the United States. In addition,
10 the District's Second Amended Third Party Cross Complaint to Quiet Title and the United
11 States' Cross Claims against the District for declaratory and injunctive relief, and tresspass and
12 ejectment, and the District's Fourth Party Complaint against the federal defendants for
13 declaratory and injunctive relief under the APA, shall be dismissed with prejudice in accordance
14 with, and upon the terms provided in, the Settlement Agreement. Each side shall bear its own
15 costs and attorney's fees associated with these actions.

16                                 **XII. ACCESS**

17      18. The District shall, commencing on the date of lodging of this Consent Decree,
18 provide the United States, and/or the Work Party or Parties, and its/their representatives,
19 including its/their contractors, with reasonable advice, cooperation and assistance as needed to
20 implement the remedy for the Site in a manner that is protective of the Site Portion of the Trout
21 Creek Trunk Pipeline and avoids any disruption of service to the District's customers or harm to
22 the environment. The District shall also, commencing on the date of lodging of this Consent
23 Decree, provide the United States, and/or the Work Party or Parties, and its/their representatives,
24 including its/their contractors with reasonable access at all reasonable times, and upon reasonable
25 advance notice, into the interior of the Site Portion of the Trout Creek Trunk Pipeline for the
26 purpose of conducting any response activity related to the Site, including, but not limited to, the
27 following activities:

28

- 10 -

1           1.  Monitoring, investigation, removal, remedial or other activities at the

2  Site;

3           2.  Conducting investigations relating to contamination at or near the Site;

4           3.  Obtaining samples; and

5           4.  Assessing the need for, planning, or implementing additional response

6  actions at or near the Site.

7      19.  As long as the Site is under the jurisdiction of the Forest Service, the Forest Service

8  shall use best efforts to ensure that any such access and activities, as described above in

9  paragraph 18, meets all of the District's reasonable written requirements or reasonable verbal

10  directions during onsite activity, which in its sole discretion will protect the integrity of the Site

11  Portion of the Trout Creek Trunk Pipeline and will cause no disruption of service to its

12  customers and/or harm to the environment.

13      The Forest Service will use best efforts to ensure that any such access into the Site

14  Portion of the Trout Creek Trunk Pipeline will not interfere with the integrity of the pipeline.

15  The Parties recognize the importance of protecting the Site Portion of the Trout Creek Trunk

16  Pipeline, and the Forest Service shall use its best efforts to include similar provisions regarding

17  access, as described above in paragraph 18, in any agreement with any Work Party or Parties at

18  the Site.

19      20.  Notwithstanding any provision of this Consent Decree, the United States retains all

20  of its access authorities and rights, as well as all of its rights to require land/water use

21  restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any

22  other applicable statute or regulations as to the Site Portion of the Trout Creek Trunk Pipeline.

23                **XIII.  NOTICES AND SUBMISSIONS**

24      21.  Whenever, under the terms of this Consent Decree, notice is required to be given or a

25  document is required to be sent by one party to another, it shall be directed to the individuals at

26  the addresses specified below, unless those individuals or their successors give notice of a change

27  to the other Parties in writing.  Unless written notice is explicitly required herein, telephonic

28                    - 11 -

1 | notice shall be sufficient whenever reasonably appropriate with written notice to be provided

2 | thereafter.  Written notice as specified herein shall constitute complete satisfaction of any written

3 | notice requirement of the Consent Decree with respect to the United States, Forest Service, DOJ,

4 | and the District, respectively.

5 |

6 | As to the Forest Service:

7 |                 Dennis Geiser, Regional Environmental Engineer

                Pacific Southwest Region, Region 5

8 |                 1323 Club Drive

                Vallejo, California 94592

9 |                 Telephone: 707-562-8729

                Fax:      707-562-9055

10 |

11 |                 John Maher

                Lake Tahoe Basin Management Unit

12 |                 35 College Drive

                South Lake Tahoe, CA 96150

                Telephone: 530-543-2671

13 |                 Fax:      530-543-2693

As to DOJ:

14 |

15 |                 Chief, Environmental Enforcement Section

                Environment and Natural Resources Division

                U.S. Department of Justice (DJ # 90-11-3-06554)

16 |                 P.O. Box 7611

                Washington, D.C.  20044-7611

17 | As to USDA OGC:

18 |                 Rose Miksovsky, Staff Attorney

                 Office of the General Counsel

19 |                 33 New Montgomery St., 17th Floor

                San Francisco, California 94150

20 |                 Telephone: 415-744-3158

                Fax:      415-744-3170

21 | As to the District:

                General Manager

                South Tahoe Public Utility District

22 |                 1275 Meadow Crest Drive

                South Lake Tahoe, CA 96150

23 |                 Telephone: 530-544-6474

                Fax:      530-441-0614

24 |

25 |                 Gary M. Kvistad

                Brownstein Hyatt Farber Schreck, LLP

26 |                 21 East Carrillo Street

                Santa Barbara, CA 93101

                Telephone: 805-963-7000

27 |                 Fax:      805-965-4333

28 |

- 12 -

## XIV.  RETENTION OF JURISDICTION

22.  This court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.  INTEGRATION/APPENDICES

23.  Concurrently with this Consent Decree, the Parties have executed the Settlement Agreement resolving the non-CERCLA claims between the District and the United States ("Settlement Agreement").  This Consent Decree and the Settlement Agreement together shall constitute an integrated agreement.  This Consent Decree and its appendices and the Settlement Agreement constitute the final, complete and exclusive agreements and understandings amongst the Parties with respect to the settlements embodied in this Consent Decree and the Settlement Agreement.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree and the Settlement Agreement.  The following appendices are attached to and incorporated into this Consent Decree:  "Appendix A" is the map of the Site; and "Appendix B" is a map of the Site Portion of the Trout Creek Trunk Pipeline, including manhole cover numbers.

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

24. After the parties' execution of this Consent Decree, the United States shall file and diligently prosecute a motion seeking the Court's approval and entry of this Consent Decree, including lodging it with the court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the

- 13 -

comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. The District consents to the entry of this Consent Decree without further notice.

25. If for any reason this court should decline to approve this Consent Decree in the form presented or this Consent Decree is subsequently determined to be invalid or set aside, this Consent Decree and the Settlement Agreement will be null and void and may not be used as evidence in any subsequent proceeding between the Parties.

## XVII. EFFECTIVE DATE

26. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVIII. SIGNATORIES/SERVICE

27. The undersigned representative of the District and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

28. The District hereby agrees not to oppose entry of this Consent Decree by this court or to challenge any provision of this Consent Decree, unless the United States has notified the District in writing that it no longer supports entry of the Consent Decree.

29. The District has identified, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on it's behalf with respect to all matters arising under or relating to this Consent Decree. The District hereby agrees to accept

- 14 -

1  service in that manner and to waive the formal service requirements set forth in Rule 4 of the

2  Federal Rules of Civil Procedure and any applicable local rules of this court, including but not

3

4  limited to, service of a summons.

5  ### XIX. FINAL JUDGMENT

6  30. Upon approval and entry of this Consent Decree by the court, this Consent Decree

7  shall constitute the final judgment between and among the United States, Forest Service and the

8

9  District. The court finds that there is no just reason for delay and therefore enters this judgment

10  as a final judgment under Fed. R. Civ. P. 54 and 58.

11

12  SO ORDERED THIS 11th DAY OF January, 2010.

13

14

15

16  MORRISON C. ENGLAND, JR
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28                                    - 15 -

1

2  THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v.

3  El Dorado County, et al., Civil No. S-01-1520 MCE-GGH, relating to the Meyers Landfill Site.

4

FOR THE UNITED STATES OF AMERICA

5

LAWRENCE G. BROWN

6  Acting United States Attorney

7

Date: _____

8

9  JOHN C. CRUDEN

Acting Assistant Attorney General

10  Environment and Natural Resources Division

U.S. Department of Justice

11

12

13  Date: 8/14/09

14  KARL J. FINGERHOOD

Trial Attorney,

15  Environmental Enforcement Section

Environment and Natural Resources Division

16  U.S. Department of Justice

P.O. Box 7611

17  Washington, DC  20044-7611

18

19  Date: _____

20  ANDREW DOYLE

Environmental Defense Section

21  Environment and Natural Resources Division

U.S. Department of Justice

22  P.O. Box 23986

Washington, D.C.  20026-3986

23

24

25

26

27

28                              - 16 -

FOR UNITED STATES DEPARTMENT OF AGRICULTURE,
FOREST SERVICE

Date: SEP 1 1 2009

RANDY MOORE
Regional Forester
U.S. Department of Agriculture
Forest Service
1323 Club Drive
Vallejo, CA 94592

- 17 -

1   The South Tahoe Public Utility District enters into this Consent Decree in the matter of United
2   States v. El Dorado County, et al, Civil No. S-01-1520 MCE GGH, relating to the Meyers
    Landfill Site.

3

4                                          FOR THE SOUTH TAHOE PUBLIC UTILITY
5                                          DISTRICT

6                                   By:
7   Date: 07/16/09

8                                          MARY LOU MOSBACHER
                                           President, Board of Directors
9

10

11

12  Agent Authorized to Accept Service on Behalf of Above-signed Party:

13      Gary M. Kvistad
        Attorney
14      Brownstein Hyatt Farber Schreck, LLP
15      21 E. Carillo Street
        Santa Barbara, CA 93101
16

17

18

19

20

21

22

23

24

25

26

27

28

                                       - 18 -



**Site Map**
**Meyers Landfill**
**El Dorado County, California**

Figure
2



EXHIBIT B Site Portion of Trout Creek Trunk Pipeline