1  LAWRENCE G. BROWN
   United States Attorney
2  SYLVIA QUAST
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2740

5  KARL J. FINGERHOOD
   Environmental Enforcement Section
6  Environmental & Natural Resources Division
   P.O. Box 7611
7  Washington, D.C. 20044
   Telephone: (202) 514-7519
8
   Of Counsel:
9  ROSE MIKSOVSKY
   Special Assistant United States Attorney
10 Office of the General Counsel
   United States Department of Agriculture
11
   Attorneys for the United States and
12 Federal Defendants

FILED

JAN 27 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

13

14               IN THE UNITED STATES DISTRICT COURT

15              FOR THE EASTERN DISTRICT OF CALIFORNIA

16

17 UNITED STATES OF AMERICA,            )  No. 2:01-CV-01520-MCE-GGH
                                        )
18                  Plaintiff,          )
                                        )  SETTLEMENT AGREEMENT;
19       v.                             )  RELEASES; DISMISSAL WITHOUT
                                        )  PREJUDICE; AND PROPOSED ORDER
20 EL DORADO COUNTY, CALIFORNIA;        )
   and CITY OF SOUTH LAKE TAHOE,        )
21                                      )
                    Defendants.         )
22                                      )
   _____)
23 EL DORADO COUNTY,                    )
                                        )
24         Third-Party Plaintiff,       )
                                        )
25       v.                             )
                                        )
26 DOUGLAS COUNTY, et al.,              )
                                        )
27         Third-Party Defendants.      )
   _____)
28

| | |
|---|---|
| SOUTH TAHOE PUBLIC UTILITY DISTRICT, | ) ) ) |
| Cross-Complainant, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Cross-Defendants. | ) ) |
| SOUTH TAHOE PUBLIC UTILITY DISTRICT, | ) ) ) |
| Fourth-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Fourth-Party Defendants. | ) ) |

The following parties make and enter into this Settlement and Mutual General Release Agreement ("Agreement"):

A. Third Party Cross-Complainant and Fourth Party Plaintiff South Tahoe Public Utility District ("District");

B. Third Party Cross-Defendant and Third Party Cross-Claimant, United States of America ("United States"); and

C. Fourth-Party Defendants, United States Department of Agriculture ("USDA"); Ed Schafer, Secretary of the USDA in his official capacity; Randy Moore, Regional Forester of Region 5 of the USDA, Forest Service, in his official capacity; and Terri Marceron, Forest Supervisor, Lake Tahoe Basin Management Unit of the USDA, Forest Service, in her official capacity; and the individually named defendants' successors-in-interest ("Federal Defendants").

This Agreement is based on the following facts:

D. The United States, on behalf of the USDA, Forest Service, filed a complaint against El Dorado County ("EDC"), California, and the City of South Lake Tahoe, California, pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act

2

1  of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of costs
2  necessitated by the actual or threatened release of hazardous substances at the Meyers Landfill
3  Site in Meyers, El Dorado County, California (the "Site"). The Site encompasses the areal extent
4  of contamination, including approximately eleven acres of buried waste, and includes the
5  groundwater plume originating therefrom (which presently has an areal extent of approximately
6  31 acres). The Site is generally shown on the map attached hereto as Exhibit "A".
7       E. EDC filed a third party complaint against third parties, including the District, alleging
8  CERCLA liability as a generator of hazardous substances. In response, and among other actions
9  taken, the District filed a Third Party Cross-Complaint against Third Party Cross-Defendant the
10 United States, seeking Declaratory and Injunctive Relief under CERCLA for contribution, as
11 well as Quiet Title, alleging, among other things, that it had an easement to maintain its sewer
12 lines on National Forest System lands.
13      F. The United States filed a Third Party Cross-Claim against the District for Declaratory
14 and Injunctive Relief, and Trespass and Ejectment, contending the District's sewer lines were on
15 National Forest System lands without authorization. Subsequently, the District filed a First
16 Amended and Second Amended Third Party Cross-Complaint, to which the United States
17 reiterated its responses and cross-claims.
18      G. The District filed a Fourth-Party Complaint against the Federal Defendants for
19 Declaratory and Injunctive Relief and other Remedies under the Administrative Procedures Act,
20 5 U.S.C. §§ 701-06 ("APA"). The APA claim seeks judicial review of the Forest Service's
21 Amendment 3 of the District's Special Use Permit and the Forest Service's May 5, 2003, letter
22 from Maribeth Gustafson concerning the District's special use authorization of its sewer lines on
23 National Forest System lands.
24     The District, Federal Defendants and United States (the Parties) hereby agree to the
25 following disposition of this case:
26      1. Concurrently with this Agreement, the Parties will execute a Consent Decree that
27 settles the District's Second Amended Third Party Cross-Complaint against the United States for
28 Declaratory Judgment and Contribution under CERCLA ("Consent Decree"). This Agreement

3

and the Consent Decree together shall constitute an integrated agreement. As set forth in the Consent Decree, should the Court reject the Consent Decree, or if it is subsequently determined to be invalid or set aside, this Agreement will be null and void.

2. Upon the Court's entry of the Consent Decree and the Parties' filing of this Agreement, the Parties will request that the Court sign and enter this proposed order dismissing without prejudice the: District's Second Amended Third Party Cross-Complaint cause of action against the United States for Quiet Title; District's Fourth Party Complaint against the Federal Defendants for Declaratory and Injunctive Relief under the APA; and United States' Third Party Cross-Claims against the District for Declaratory and Injunctive Relief, and Trespass and Ejectment. As provided in paragraph 21, below, the Parties will move separately for an order dismissing the actions identified above with prejudice once the time to appeal the Consent Decree expires, or, if an appeal is taken, once the appellate process is concluded.

3. The Parties agree that this Agreement has been negotiated in good faith, and is fair, reasonable and in the public interest. By settling and dismissing the actions identified in paragraph 2, above, the Parties intend to avoid the expenses and risks of further litigation but without interfering with their respective duties, obligations and rights stated in, or that may arise from the Consent Decree.

4. The District will file a special use permit ("SUP") application for all of its sewer lines and facilities located on National Forest System lands that are identified in the District's Second Amended Third Party Cross-Complaint, including that portion of the Trout Creek Trunk Pipeline ("Pipeline") that is located within the Site, within sixty (60) days after entry of the order dismissing without prejudice the actions listed in paragraph 2, above. In return, the Forest Service agrees to process the District's SUP application in good faith and in accordance with applicable rules, regulations and policies. This Agreement shall not be construed to waive or release any Party's rights with respect to the SUP application process, whether administrative, judicial, or otherwise.

5. The Parties recognize that until the Forest Service takes final administrative action on the District's SUP application, the District may need reasonable access to the sewer lines

4

identified in the SUP application to be filed pursuant to Paragraph 4, for the purpose of conducting the following activities: routine and/or emergency repairs, replacement, maintenance and/or inspection, surveying, and related operations. Upon the condition that the District provides a written request to the Forest Service that identifies the District's proposed access routes, the dates/length of time needed for access, purpose, and extent of access, the Forest Service will provide written authorization, which may include reasonable terms and conditions, to the District for access to the District's sewer lines for the purposes identified above. In the event of an emergency, such as the rupture of a sewer line, the District may take reasonable and necessary emergency action and shall provide the Forest Service with notice, either verbally, by e-mail or by fax, within 24 hours of the time that the District has knowledge of the emergency. The District's notice of emergency to the Forest Service shall include a description of the nature of the emergency, the date and time the emergency occurred, the action taken by the District to date, and whether the emergency requires an additional response by the District. If the emergency requires an additional response, the District shall provide a description of the District's proposed actions and time lines for the emergency response. The Forest Service shall respond to the District in accordance with the nature and degree of the emergency.

6. If the Forest Service transfers to another entity any National Forest System lands within the Site under which the Pipeline is located (the "Transferred Property") after it has issued an SUP to the District, the Forest Service agrees that prior to, or concurrently with, any such transfer to: (a) convert the portion of the SUP pertaining to the Transferred Property into an easement for the District's benefit; and (b) grant or reserve, or cause to be granted or reserved, an easement to the District for the transferred Property. The Forest Service agrees that any such easement will be in substantial compliance with the terms and conditions of the District's SUP for the Transferred Property.

7. Upon entry of a dismissal order with prejudice as provided in paragraph 21, below, and in consideration of the Parties' promises herein, the District, for itself and its employees, representatives, agents, successors, predecessors, transferees, assigns, sureties and insurers, fully and forever releases, discharges and covenants not to ever sue or otherwise institute legal or

1  administrative proceedings against, respectively, the United States or the Federal Defendants, or
2  any of their employees, representatives, agents, successors, predecessors, transferees, assigns and
3  sureties with respect to any matter, claim, liability, demand, obligation, cause of action or thing
4  in action, of every nature, kind and description in law, equity, or otherwise, whether or not now
5  known or ascertained, which heretofore has existed or presently exists, that relates to, or that is
6  connected in any way with the facts or circumstances giving rise to the Second Amended Third
7  Party Cross-Complaint and the Fourth Party Complaint, as defined in paragraph 2, above.

8      8. Upon entry of a dismissal order with prejudice as provided in paragraph 21, below,
9  and in consideration of the Parties' promises herein, the United States (including the Federal
10 Defendants), for itself and its employees, representatives, agents, successors, predecessors,
11 transferees, assigns, and sureties, fully and forever releases, discharges and covenants not ever to
12 sue, or otherwise institute legal or administrative proceedings against the District or its
13 employees, representatives, agents, successors, predecessors, transferees, assigns, sureties, or
14 insurers with respect to any matter, claim, liability, demand, obligation, cause of action or thing
15 in action, of every nature, kind and description in law, equity, or otherwise, whether or not now
16 known or ascertained, which heretofore has existed or presently exists, that relates to, or that is
17 connected in any way, with the facts or circumstances giving rise to the United States' Third
18 Party Cross-Claims, as defined in paragraph 2, above.

19     9. Notwithstanding paragraphs 7 and 8, any Party shall be permitted to bring an action or
20 suit against any other Party for a breach of any provision of this Agreement.

21     10. With respect to the Parties' mutual releases, the District, the Federal Defendants and
22 the United States expressly waive any and all rights and benefits conferred upon them by the
23 provisions of Section 1542 of the California Civil Code, which states as follows:

24         A general release does not extend to claims which the creditor does
           not know or suspect to exist in his or her favor at the time of
25         executing the release, which if known by him or her, must have
           materially affected his or her settlement with the debtor.
26

27     In connection with this waiver and relinquishment, each of the Parties acknowledges and
28 understands that its attorneys, consultants, accountants, or other professionals whom it may retain

6

may hereafter discover some matter, claim, liability, demand, obligation, cause of action, or thing in action in addition to, or different from, those that are now known or believed to exist with respect to any of the matters referred to herein. Nevertheless, each of the Parties intends hereby to release and settle fully, finally and forever, all of the respective aforementioned matters, known or unknown, suspected or unsuspected, which heretofore have existed or presently exist. Each of the Parties further acknowledges and understands that this release shall continue to remain in full force and effect notwithstanding the future discovery or existence of any additional, or different, matter, claim, liability, demand, obligation, cause of action, or thing in action.

11. This Agreement and the Parties' mutual promises stated herein constitute a settlement of disputed obligations and nothing contained in this Agreement shall constitute, or be treated as an admission of any liability of, or any wrongdoing by any of the Parties or their respective officers, directors, representatives, agents, employees, successors, predecessors, transferees, or assigns.

12. This Agreement is not for the benefit of any third party.

13. This Agreement and the Consent Decree memorialize the Parties' entire agreement with respect to the: District's Second Amended Third Party Cross-Complaint, District's Fourth Party Complaint; and United States' Third Party Cross-Claims, all as defined in paragraph 2, above. It supersedes and replaces any and all prior or contemporaneous agreements or understandings, written or oral, with regard to the matters set forth in it, except the Consent Decree. This Agreement's terms are contractual and not mere recitals, and may be amended or modified in whole, or in part, at any time only by an agreement in writing, executed in the same manner as this Agreement.

14. Each Party and its attorneys have carefully and fully reviewed this Agreement. Further, each Party and its attorneys have revised, or had an opportunity to revise this Agreement. Accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be utilized in the interpretation of this Agreement.

15. With the exception of paragraphs 4, 5, 6, 7 and 8, any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated. If any of these five paragraphs are held by an order of a court of competent jurisdiction to be invalid, void or unenforceable, any Party may declare this Agreement to be unenforceable by providing written notice of their declaration to the other Parties within sixty (60) days after entry of such a court order. A Party's failure to serve timely notice of its declaration shall constitute a waiver of its right to invoke this provision. A timely declaration under this paragraph, however, shall not affect the validity of the Consent Decree, once the decree becomes a final judgment.

16. A fully executed copy of this Agreement shall be deemed an original for all purposes, and this Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which shall constitute one instrument.

17. Whenever this Agreement's context so requires, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular to refer to and include the plural. Whenever in this Agreement the context so requires, the word "person" shall be deemed to refer to, and include, any natural person, corporation, partnership, trust, joint venture, or any other association, or any private, public, or quasi-public entity.

18. Each Party to this Agreement represents and warrants that it has the sole and exclusive authority to execute this Agreement and receive the consideration stated herein.

19. Each Party to this Agreement represents and warrants that each person whose signature appears in this Agreement has been duly authorized and has the full authority to execute this Agreement on behalf of the person, persons or entity who is a Party to this Agreement. Each person executing this Agreement further represents that he or she has read and understands its contents and that he or she executes this Agreement voluntarily.

20. Each Party to this Agreement shall be responsible for payment of the attorneys' fees and costs that it has incurred in the prosecution or defense of these actions.

8

21. Upon the entry of the Consent Decree, the Parties request that the Court enter an order dismissing without prejudice the: District's Second Amended Third Party Cross-Complaint cause of action against the United States for Quiet Title; District's Fourth Party Complaint against the Federal Defendants for Declaratory and Injunctive Relief under the APA; and United States' Third Party Cross-Claims against the District for Declaratory and Injunctive Relief, and Trespass and Ejectment. Thereafter, the Parties will move separately for an order dismissing the actions above with prejudice, according to the following schedule: (a) if no appeal of the Consent Decree is taken, within thirty (30) days after the time stated in 28 U.S.C. § 2107 to file an appeal expires; (b) if an appeal from the district court is timely filed, within thirty (30) days after the court of appeals' mandate upholding the Consent Decree; and (c) if a timely appeal or petition for certiorari from the court of appeals is taken pursuant to 28 U.S.C. § 2101, within thirty (30) days after the United States Supreme Court, either by action or inaction, fails to hold the Consent Decree to be invalid, void or unenforceable.

22. If the Court rejects the Consent Decree, subsequently sets it aside, or determines it to be invalid, or if one of the Parties declares this Agreement unenforceable pursuant to paragraph 15, above, and the Parties resume their litigation (reasserting only claims previously pleaded and no others), they agree they will not raise time related defenses against each other as stated in this paragraph. The Parties agree that the time period between the entry date of the order dismissing this case without prejudice and the earlier of either the date the Court rejects the Consent Decree, sets it aside, or determines it to be invalid, or the date this Settlement Agreement is declared unenforceable, shall be excluded when determining whether any claims are time barred by any statute of limitations, laches, equitable tolling or any other time related defenses ("Time Defenses"). The Parties waive and agree they will not plead any Time Defenses except those defenses in existence prior to the effective date of this Agreement. The Parties further agree that evidence of activities or documents in connection with the SUP application required by paragraph 4 above that would be inadmissible under Federal Rule of Evidence 408 shall not be admissible in the litigation if it resumes, as the District would not have otherwise agreed to the inclusion of paragraph 4 above.

1  23. The Parties request that, notwithstanding the entry of a dismissal herein, the Court
2  retain jurisdiction to enforce the terms of this Agreement.
3  24. Whenever, under the terms of this Settlement Agreement, written notice is required
4  to be given or a report or other document is required to be sent by one Party to another, it shall be
5  directed to the individuals at the addresses specified below, unless those individuals or their
6  successors give notice of a change to the other Parties in writing. All notices and submissions
7  shall be considered effective upon receipt, unless otherwise provided. Written notice as specified
8  herein shall constitute complete satisfaction of any written notice requirement of the Settlement
9  Agreement with respect to the United States, the Forest Service, and the District, respectively.

**As to the United States:**

Civil Division
Defense Litigation Unit Chief
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814
Phone (916) 554-2700
Fax (916) 554-2900

**As to the Forest Service:**

Robert Rodman Jr
Lands Program Manager
R-5 Lake Tahoe Basin Management Unit
35 College Drive
South Lake Tahoe, CA 96150
rrodmanjr@fs.fed.us
(530) 543-2613
cell (530) 307-0913
Fax (530) 543-2869

Rose Miksovsky
Staff Attorney
Office of the General Counsel
33 New Montgomery St., 17th Floor
San Francisco, California 94150
Telephone: (415) 744-3158
Fax: (415) 744-3170
Email: rose.miksovsky@usda.gov

**As to the District:**

General Manager
South Tahoe Public Utility District
1275 Meadow Crest Drive

```
 1  South Lake Tahoe, CA 96150
    Telephone: 530-544-6474
 2  Fax:       530-441-0614

 3  Gary M. Kvistad
    Brownstein Hyatt Farber Schreck, LLP
 4  21 East Carrillo Street
    Santa Barbara, CA 93101
 5  Telephone: 805-963-7000
    Fax:       805-965-4333
 6
 7  FOR THE UNITED STATES (INCLUDING THE FEDERAL DEFENDANTS):

 8                                      LAWRENCE G. BROWN
                                        Acting United States Attorney
 9
10  Date: 9/16/2009        By:         _____
                                        SYLVIA QUAST
11                                      Assistant United States Attorney
                                        Attorneys for the United States of America
12                                      and the Federal Defendants
13
14  FOR SOUTH TAHOE PUBLIC UTILITY DISTRICT:
15
16  Date: _____   By:        _____
                                        MARY LOUISE MOSBACHER
17                                      PRESIDENT, BOARD OF DIRECTORS
18
19  APPROVED AS TO FORM AND CONTENT:
20  BROWNSTEIN HYATT FARBER SCHRECK, LLP
21
22  Date: _____   By:        _____
                                        STEVEN L. HOCH
23                                      Attorneys for South Tahoe Public Utility District
24
```

## ORDER

Pursuant to the Parties' Settlement Agreement above, and Fed. R. Civ. P. 41, the following actions are **DISMISSED WITHOUT PREJUDICE**: the District's Second Amended Third Party Cross-Complaint cause of action against the United States for Quiet Title; the

```
1  | South Lake Tahoe, CA 96150
   | Telephone: 530-544-6474
2  | Fax:       530-441-0614
3  | Gary M. Kvistad
   | Brownstein Hyatt Farber Schreck, LLP
4  | 21 East Carrillo Street
   | Santa Barbara, CA 93101
5  | Telephone: 805-963-7000
   | Fax:       805-965-4333
6  |
7  | FOR THE UNITED STATES (INCLUDING THE FEDERAL DEFENDANTS):
8  |                                    LAWRENCE G. BROWN
   |                                    Acting United States Attorney
9  |
10 | Date: _____        By: _____
   |                                    SYLVIA QUAST
11 |                                    Assistant United States Attorney
   |                                    Attorneys for the United States of America
12 |                                    and the Federal Defendants
13 |
14 | FOR SOUTH TAHOE PUBLIC UTILITY DISTRICT:
15 |
16 | Date: 07/16/09             By: _____
   |                                    MARY LOUISE MOSBACHER
17 |                                    PRESIDENT, BOARD OF DIRECTORS
18 |
19 | APPROVED AS TO FORM AND CONTENT:
20 | BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 |
22 | Date: _____        By: _____
   |                                    STEVEN L. HOCH
23 |                                    Attorneys for South Tahoe Public Utility District
24 |
```

**ORDER**

Pursuant to the Parties' Settlement Agreement above, and Fed. R. Civ. P. 41, the following actions are **DISMISSED WITHOUT PREJUDICE**: the District's Second Amended Third Party Cross-Complaint cause of action against the United States for Quiet Title; the

11

```
 1  South Lake Tahoe, CA 96150
    Telephone: 530-544-6474
 2  Fax:       530-441-0614

 3  Gary M. Kvistad
    Brownstein Hyatt Farber Schreck, LLP
 4  21 East Carrillo Street
    Santa Barbara, CA 93101
 5  Telephone: 805-963-7000
    Fax:       805-965-4333
 6

 7  FOR THE UNITED STATES (INCLUDING THE FEDERAL DEFENDANTS):

 8                                  LAWRENCE G. BROWN
                                    Acting United States Attorney
 9

10  Date: _____  By: _____
                                     SYLVIA QUAST
11                                   Assistant United States Attorney
                                     Attorneys for the United States of America
12                                   and the Federal Defendants

13

14  FOR SOUTH TAHOE PUBLIC UTILITY DISTRICT:

15

16  Date: _____  By: _____
                                     MARY LOUISE MOSBACHER
17                                   PRESIDENT, BOARD OF DIRECTORS

18

19  APPROVED AS TO FORM AND CONTENT:

20  BROWNSTEIN HYATT FARBER SCHRECK, LLP

21
22  Date: __1/14/09_____    By: _____
                                     STEVEN L. HOCH
23                                   Attorneys for South Tahoe Public Utility District

24

25                                  ORDER

26       Pursuant to the Parties' Settlement Agreement above, and Fed. R. Civ. P. 41, the
27  following actions are DISMISSED WITHOUT PREJUDICE: the District's Second Amended
28  Third Party Cross-Complaint cause of action against the United States for Quiet Title; the
```

11

1  District's Fourth Party Complaint against the Federal Defendants for Declaratory and Injunctive
2  Relief under the Administrative Procedures Act; and the United States' Third Party Cross-Claims
3  against the District for Declaratory and Injunctive Relief, and Trespass and Ejectment. The
4  Court shall retain jurisdiction to enforce, if necessary, the terms of the Settlement Agreement and
5  Consent Decree, the terms of which are incorporated herein.

       IT IS SO ORDERED.

Date: 1-27-2010

MORRISON C. ENGLAND, JR.
United States District Judge

12



Figure 2. Site Map — Meyers Landfill, El Dorado County, California