1   ELLEN M. MAHAN
    Deputy Chief, Environmental Enforcement Section
2   Environment and Natural Resources Division
    U.S. Department of Justice
3
    KARL J. FINGERHOOD
4   Trial Attorney
    Environmental Enforcement Section
5   Environment and Natural Resources Division
    U.S. Department of Justice
6   P.O. Box 7611
    Washington, D.C.  20044-7611
7   Tel: (202) 514-7519
    Fax: (202) 514-2583
8
    karl.fingerhood@usdoj.gov
9
    BENJAMIN B. WAGNER
10  United States Attorney
    Eastern District of California
11
    SYLVIA QUAST
12  Assistant U.S. Attorney
    501 " I " Street Suite 10-100
13  Sacramento, CA 95814
    Phone: (916) 554-2700
14  Fax: (916) 554-2900
15  sylvia.quast@usdoj.gov

16              IN THE UNITED STATES DISTRICT COURT

17          FOR THE EASTERN DISTRICT OF CALIFORNIA

18  _____
                                     )    Civil No. S-01-01520 MCE GGH
19  UNITED STATES OF AMERICA,        )
                                     )
20           Plaintiff,              )    PARTIAL CONSENT DECREE WITH
                                     )    SOUTH TAHOE REFUSE COMPANY, INC.
21           v.                      )
                                     )
22  EL DORADO COUNTY, CALIFORNIA;    )
    and CITY OF SOUTH LAKE TAHOE,    )
23  CALIFORNIA,                      )
                                     )
24           Defendants.             )
                                     )
25  _____)
                                     )
26  AND RELATED ACTIONS              )
    _____)

27

28

1

## TABLE OF CONTENTS

2

3    I.        BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4    II.       JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5    III.      PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6    IV.       DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

7    V.        STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8    VI.       PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . 7

9    VII.      FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . . 7

10   VIII.     COVENANT NOT TO SUE BY PLAINTIFF . . . . . . . . . . . . . . . 8

11   IX        RESERVATION OF RIGHTS BY UNITED STATES . . . . . . . . . . . 9

12   X.        COVENANT NOT TO SUE BY SETTLING DEFENDANT . . . . . 10

13   XI.       EFFECT  OF  SETTLEMENT  . . .  .  .  .  .  .  .  .  .  .  .  .  .  11

14   XII.      DOCUMENT  RETENTION/CERTIFICATION.  .  .  .  .  .  .  .  .  .  12

15   XIII.     NOTICES AND SUBMISSIONS  . . . . . . . . . . . . . . . . . . . . . . . . . 14

16   XIV.      RETENTION OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . 15

17   XV.       INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . .15

18   XVI.      LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . 15

19   XVII.     SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

20   XVIII.    FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

21

22

23

24

25

26

27

28

## I. __BACKGROUND__

A. On August 3, 2001, Plaintiff United States of America ("United States"), on behalf of the United States Department of Agriculture, Forest Service ("Forest Service"), filed a complaint pursuant to Sections 107 and 113(f) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607, 9613(f), against Defendants the County of El Dorado (the "County") and the City of South Lake Tahoe (the "City").  The complaint filed by the United States seeks recovery of environmental response costs incurred by the Forest Service related to the release or threatened release and/or disposal of hazardous substances at or from the Meyers Landfill Site, a former waste disposal facility located on National Forest System lands administered by the Lake Tahoe Basin Management Unit of the Forest Service, and a "facility" as defined under 42 U.S.C. § 9601(9), with accrued interest, and a declaration of the County's and the City's liability for future response costs incurred by the United States related to the Site. On June 19, 2002, the County filed its Second Amended Third Party Complaint in this Action, seeking contribution under CERCLA Section 113(f), 42 U.S.C. § 9613(f), from Third-Party Defendant South Tahoe Refuse Company, Inc. ("STR" or "Settling Defendant"), which collected garbage in the South Lake Tahoe-area during a portion of the relevant time Meyers Landfill operated, and from a number of reported customers of STR during a portion of the relevant time and also contracted with the County to operate the dump.

B.  The defendant that has entered into this Partial Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff, cross-complainant or any other party arising out of the transactions or occurrences alleged in the Second Amended Third Party Complaint.

C.  In response to a release or a substantial threat of a release of  hazardous substances at or from the Site, in 2005 the Forest Service commenced a Supplemental Remedial Investigation and Supplemental Feasibility Study ("SRI/SFS") for the Site pursuant to 40 C.F.R. § 300.430.

///

///

///

///

D.  In early 2006, consistent with EPA CERCLA guidance, the Forest Service made a determination to separate the landfill and the contaminated groundwater beneath the Site into two separate operable units ("OUs") for remediation purposes.  OU-1 is the landfill waste mass itself and OU-2 is the contaminated groundwater plume and any other site-wide response actions required subsequent to the implementation of the remedial action for OU-1.  This Partial Consent Decree addresses OU-1.

E.  The Forest Service completed the OU-1 SRI/SFS Report in May, 2007.

F.  Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, the Forest Service published notice of the completion of the OU-1 SRI/SFS and of the OU-1 proposed plan for remedial action on May 21, 2007, in a major local newspaper of general circulation.  The Forest Service provided an opportunity for written and oral comments from the public on the proposed plan for remedial action.  A copy of the transcript of the public meeting is available to the public as part of the administrative record upon which the Forest Service based the selection of the response action.

G.  The decision by the Forest Service on the Remedial Action to be implemented at the Site for OU-1 is embodied in a final Record of Decision ("ROD"or "OU-1 ROD"), executed on November 15, 2007, on which the State had a reasonable opportunity to review and comment.  The OU-1 ROD is supported by an administrative record that contains the documents and information upon which the Forest Service based its selection of the response action.

H.  The United States has reviewed the Financial Information and Insurance Information submitted by Settling Defendant to determine whether Settling Defendant is financially able to pay response costs incurred and to be incurred at the Site.  Based upon this Financial Information and Insurance Information, the United States has determined that Settling Defendant is able to pay the amounts specified in Section VI (Payment of Response Costs).

D.  The United States and Settling Defendant agree, and this Court by entering this Partial Consent Decree finds, that this Partial Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Partial Consent Decree is fair, reasonable, and in the public interest.

///

1    THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED,

2    AND DECREED:

3                                    **II.  JURISDICTION**

4        1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§

5    1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling

6    Defendant.   Solely  for  the  purposes  of  this  Partial  Consent  Decree  and  the  underlying  cross

7    complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of

8    the Court or to venue in this District.  Settling Defendant shall not challenge entry or the terms of

9    this Partial Consent Decree or this Court's jurisdiction to enter and enforce this Partial Consent

10   Decree.

11                                  **III.  PARTIES BOUND**

12       2.   This Partial Consent Decree is binding upon the United States, and upon Settling

13   Defendant and its successors and assigns.  Any change in ownership or corporate or other legal

14   status, including, but not limited to, any transfer of assets or real or personal property, shall in no way

15   alter the status or responsibilities of Settling Defendant under this Partial Consent Decree.

16                                    **IV.  DEFINITIONS**

17       3.  Unless otherwise expressly provided in this Partial Consent Decree, terms used in this

18   Partial Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA

19   shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed

20   below are used in this Partial Consent Decree or in any appendix attached hereto, the following

21   definitions shall apply:

22            "CERCLA" shall mean the Comprehensive Environmental Response, Compensation,

23   and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

24            "Day" shall mean a calendar day.  In computing any period of time under this Partial

25   Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period

26   shall run until the close of business of the next working day.

27            "DOJ" shall mean the United States Department of Justice and any successor

28   departments, agencies or instrumentalities of the United States.

- 4 -

1    "Forest Service" shall mean the United States Department of Agriculture, Forest
2 Service and any successor departments or agencies of the United States.

3    "Effective Date" shall be the date the Court enters this Partial Consent Decree.

4    "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance
5 Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

6    "Financial Information" shall mean those financial documents identified in
7 Appendix A.

8    "Future OU1 Response Costs" shall mean all costs, including, but not limited to,
9 direct and indirect costs, that the United States incurs pursuant to CERCLA related to OU-1 from
10 the Effective Date of this Partial Consent Decree forward.

11    "Insurance Information" shall mean those insurance documents identified in
12 Appendix C.

13    "Interim Response Costs" shall mean all costs, including direct and indirect costs,
14 (a) paid by the United States in connection with the Site between January 1, 2008 and the Effective
15 Date, or (b) incurred prior to the Effective Date but paid after that date, plus Interest on all such costs
16 which has accrued pursuant to 42 U.S.C. § 9607(a) between such dates.

17    "Interest" shall mean interest at the rate specified for interest on investments of the
18 EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on
19 October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall
20 be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on
21 October 1 of each year.

22    "Meyers Landfill Site Special Account" shall mean the special account established
23 at the Site by the Forest Service pursuant to 16 U.S.C. § 579c.

24    "OU1 Record of Decision" or "OU1 ROD" shall mean the Forest Service Record of
25 Decision relating to Operable Unit 1 at the Site, signed on November 15, 2007, by the Forest
26 Service, and all attachments thereto.

27 ///

28 ///

- 5 -

1   "OU1 Remedial Action" shall mean those activities, including construction work, to

2   be undertaken to implement the OU-1 ROD, in accordance with the final Statement of Work

3   ("SOW") for OU-1 and the final Remedial Design and Remedial Action Work Plans and other plans

4   approved by the Forest Service.

5   "Paragraph" shall mean a portion of this Partial Consent Decree identified by an

6   Arabic numeral or an upper or lower case letter.

7   "Partial Consent Decree" shall mean this Partial Consent Decree and all appendices

8   attached hereto.  In the event of conflict between this Partial Consent Decree and any appendix, this

9   Partial Consent Decree shall control.

10   "Parties" shall mean the United States and the Settling Defendant.

11   "Past Response Costs" shall mean all costs, including, but not limited to, direct and

12   indirect costs, that the United States paid at or in connection with the Site through December 31,

13   2007, plus Interest on all such costs which has accrued pursuant to 42 U.S.C. § 9607(a) through such

14   date.

15   "Section" shall mean a portion of this Partial Consent Decree identified by a Roman

16   numeral.

17   "Settling Defendant" shall mean South Tahoe Refuse Company, Inc. and its

18   predecessor in interest, SERV-U-GARBAGE, a partnership and their successors and assigns.

19   "Site" shall mean the Meyers Landfill Site, located in Meyers, El Dorado County,

20   California, encompassing the areal extent of contamination including, without limitation,

21   approximately 11 acres of buried waste and the groundwater plume originating therefrom (which

22   presently has an areal extent of approximately 31 acres), and generally shown on the map attached

23   hereto as Appendix "B."

24   "United States" shall mean the United States of America and each department, agency

25   and instrumentality of the United States, including the Forest Service.

26   ///

27   ///

28   ///

## V.  STATEMENT OF PURPOSE

4.  By entering into this Partial Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment to resolve its alleged civil liability for OU1 at the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, as provided in the Covenant Not to Sue by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI.  PAYMENT OF RESPONSE COSTS

5.  Within 45 days of the Effective Date of this Partial Consent Decree, Settling Defendant shall pay $1,000,000.00 to the Forest Service to be deposited in the Meyers Landfill Special Account to be retained and used to conduct or finance response actions at or in connection with the Site.

6.  Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2001V00433 and DOJ Case Number 90-11-3-06554 and Agency Locator Code AGFS. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Eastern District of California following lodging of the Partial Consent Decree.  Any payment received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

7.  At the time of payment, Settling Defendant shall send notice that payment has been made to the Forest Service and DOJ in accordance with Section XIII (Notices and Submissions).

## VII.  FAILURE TO COMPLY WITH PARTIAL CONSENT DECREE

8.  Interest on Late Payments.  If Settling Defendant fails to make any payment required by Paragraph 5 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.  Stipulated Penalty.

a.  If any amounts due under Paragraph 5 are not paid by the required date, Settling Defendant shall be in violation of this Partial Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9, $500 per violation per day that such payment is late.

10.  If the United States brings an action to enforce this Partial Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11.  Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Partial Consent Decree.

12.  Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Partial Consent Decree.  Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section VI or from performance of any other requirements of this Partial Consent Decree.

## VIII.  COVENANT NOT TO SUE BY PLAINTIFF

13.  Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a),with regard to Past Response Costs, Interim Response Costs, and Future OU1 Response Costs.  This covenant shall take effect upon receipt by the Forest Service of all amounts required by Section VI (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Partial Consent Decree).  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Partial Consent Decree, including but not limited to, payment of all amounts due under Section VI (Payment of Response Costs), and any amount due under Section VII (Failure to Comply with Partial Consent Decree).  This covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information and Insurance Information provided to the Forest Service by Settling Defendant and the financial, insurance and indemnity certification made by Settling Defendant in Paragraph 25.

///

///

///

If the Financial Information or the Insurance Information provided by Settling Defendant, or the financial, insurance, or indemnity certification made by Settling Defendant in Paragraph 25, is subsequently determined by the Forest Service to be false or, in any material respect, inaccurate, Settling Defendant shall forfeit all payments made pursuant to this Partial Consent Decree and this covenant not to sue and the contribution protection in Paragraph 20 shall be null and void.  Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Settling Defendant's false or materially inaccurate information.  This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## IX.   RESERVATION OF RIGHTS BY UNITED STATES

14.  The United States reserves, and this Partial Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 13.  Notwithstanding any other provision of this Partial Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

a.  liability for failure of Settling Defendant to meet a requirement of this Partial Consent Decree;

b.  criminal liability;

c.  liability, based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Partial Consent Decree by Settling Defendant;

d.  liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site;

e.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

f.  liability for additional operable units at the Site or the final response action.

///

///

- 9 -

15.  Notwithstanding any other provision of this Partial Consent Decree, the United States reserves, and this Partial Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Partial Consent Decree, if the Financial Information or the Insurance Information provided by Settling Defendant, or the financial, insurance, or indemnity certification made by Settling Defendant in Paragraph 25, is false or, in any material respect, inaccurate.

## X.  COVENANT NOT TO SUE BY SETTLING DEFENDANT

16.  Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs, Interim Response Costs, or Future OU1 Response Costs at the Site and this Partial Consent Decree, including but not limited to:

a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.  any claim against the United States pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, relating to the Site.

Except as provided in Paragraph 18 (claims against other PRPs) and Paragraph 21 *(res judicata* and other defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations set forth in Section IX (Reservations of Rights by United States), other than in Paragraph 14(a)(claims for failure to meet a requirement of the Partial Consent Decree) or 14(b) (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

///

///

17. Nothing in this Partial Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

18. Settling Defendant agrees not to assert any claims or causes of action and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for all matters relating to OU-1 at the Site against any other person who is a potentially responsible party under CERCLA at OU-1 at the Site. This waiver shall not apply with respect to any defense, calim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to OU-1 at the Site against Settling Defendant.

## XI.  **EFFECT OF SETTLEMENT**

19. Except as provided in Paragraph 18 (claims against other PRPs), nothing in this Partial Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Partial Consent Decree. Except as provided in Paragraph 18 (claims against other PRPs), each of the Parties expressly reserves any and all rights (including, but not limited to, Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Partial Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. §§ 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

20. The Parties agree, and by entering this Partial Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendant is entitled, as of the date of entry of this Partial Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law for "matters addressed" in this Partial Consent Decree.

///

The "matters addressed" in this Partial Consent Decree are the OU-1 Remedial Action, Past OU-1 Response Costs, Interim OU-1 Costs, and Future OU-1 Costs; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservation of Rights by United States), other than claims for failure to comply with this Partial Consent Decree or in Paragraph 14(b)(Criminal liability), the "matters addressed" in this Partial Consent Decree will no longer include those response costs or response actions that are within the scope of such reservations.

21.   Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Partial Consent Decree, notify the Forest Service and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Partial Consent Decree, it will notify the Forest Service and DOJ in writing within 10 days of service of the complaint or claim upon it.  In addition, Settling Defendant shall notify the Forest Service and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Partial Consent Decree.

22.   In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

### XII.  DOCUMENT RETENTION/CERTIFICATION

23.   Until 10 years after the entry of this Partial Consent Decree, Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

///

24. After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify the Forest Service and DOJ at least 90 days prior to the destruction of any such records, and, upon request by the Forest Service or DOJ, Settling Defendant shall deliver any such records to the Forest Service. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged. In addition, Settling Defendant may assert business confidentiality claims covering part or all of the records submitted to Plaintiff[s] under this Partial Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Records determined to be confidential by the Forest Service will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records when they are submitted to the Forest Service, or if the Forest Service has notified Settling Defendant that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to Settling Defendant.

25. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

a. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or the filing of suit against it regarding the Site, and that it has fully complied with any and all Forest Service requests for information regarding the Site and Settling Defendant's financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927; and

///

b. submitted to the Forest Service Financial Information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to the Forest Service and the time Settling Defendant executes this Partial Consent Decree.

## XIII. **NOTICES AND SUBMISSIONS**

26. Whenever, under the terms of this Partial Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Partial Consent Decree with respect to the United States, the Forest Service, and Settling Defendant, respectively.

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-06554)
P.O. Box 7611
Washington, D.C.  20044-7611

As to the Forest Service:

Dennis Geiser
Regional Environmental Engineer
Pacific Southwest Region, Region 5
1323 Club Drive
Vallejo, California 94592

Gail Bakker, C.Hg., P.G.
Tahoe National Forest
631 Coyote Street
Nevada City, CA 95959

Rose Miksovsky
Staff Attorney
Office of the General Counsel
33 New Montgomery St., 17th Floor
San Francisco, California 94150

///

///

///

1    As to Settling Defendant:

2    Jeff Tillman, President
     South Tahoe Refuse
3    2140 Ruth Avenue
     South Lake Tahoe, CA 96150

4
     Jeffrey K. Rahbeck, Esq.
5    P.O. Box 435
     Zephyr Cove, NV 89448

6

7              **XIV.  RETENTION OF JURISDICTION**

8          27.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and

9    enforcing the terms of this Partial Consent Decree.

10             **XV.  INTEGRATION/APPENDICES**

11         28.   This Partial Consent Decree and its appendices constitute the final, complete and

12   exclusive understanding between the Parties with respect to the settlement embodied in this Partial

13   Consent Decree.   The Parties acknowledge that there are no representations, agreements or

14   understandings relating to the settlement other than those expressly contained in this Partial Consent

15   Decree.  The following appendices are attached to and incorporated into this Partial Consent Decree:

16         "Appendix A" is a list of the financial documents submitted to the Forest Service by Settling

17   Defendant;

18         "Appendix B" is a map of the Site.

19        **XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

20         29.  This Partial Consent Decree shall be lodged with the Court for a period of not less than

21   30 days for public notice and comment.  The United States reserves the right to withdraw or withhold

22   its consent if the comments regarding the Partial Consent Decree disclose facts or considerations

23   which indicate that this Partial Consent Decree is inappropriate, improper, or inadequate.  Settling

24   Defendant consents to the entry of this Partial Consent Decree without further notice.

25         30.  If for any reason this Court should decline to approve this Partial Consent Decree in the

26   form presented, this Partial Consent Decree is voidable at the sole discretion of any party and the

27   terms of the Partial Consent Decree may not be used as evidence in any litigation between the

28   Parties.

**XVII.  SIGNATORIES/SERVICE**

31.  Each undersigned representative of Settling Defendant to this Partial Consent Decree and the Deputy Section Chief of the Environmental Enforcement Section, Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Partial Consent Decree and to execute and bind legally such Party to this document.

32.  Settling Defendant hereby agrees not to oppose entry of this Partial Consent Decree by this Court or to challenge any provision of this Partial Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Partial Consent Decree.

33.  Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Partial Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

**XVIII.  FINAL JUDGMENT**

34.  Upon approval and entry of this Partial Consent Decree by the Court, this Partial Consent Decree shall constitute the final judgment between the United States and Settling Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

IT IS SO ORDERED.

Dated:  May 12, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

1   THE UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of United
    States v. El Dorado County, California, et al., Civil Action No. 2:01-cv-1520 MCE GGH, relating
2   to the Meyers Landfill Site.

3
    FOR THE UNITED STATES OF AMERICA
4

5                           BENJAMIN B. WAGNER
                            United States Attorney
6                           Eastern District of California

7   Date:_____

8                               __/S/ Ellen Mahan_____
                                ELLEN MAHAN
9                               Deputy Chief
                                Environmental Enforcement Section
10                              Environment and Natural Resources Division
                                U.S. Department of Justice
11

12
    Date: ___2/24/10__       _____/S/ Karl J. Fingerhood_____
13                           KARL J. FINGERHOOD
                             Trial Attorney
14                           Environmental Enforcement Section
                             Environment and Natural Resources Division
15

16

17
    FOR THE UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE
18

19  Dated:__2/22/10__          _____/S/Randy Moore_____
                                RANDY MOORE
20                              Regional Forester
                                U.S. Department of Agriculture
21                              Forest Service
                                1323 Club Drive
22                              Vallejo, California  94592

23

24

25

26

27

28

THE UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of United States v. El Dorado County, California, et al., Civil Action No. 2:01-cv-1520 MCE GGH, relating to the Meyers Landfill Site.

FOR SOUTH TAHOE REFUSE COMPANY

Date:  11/5/09          ____/S/ Jeff Tillman_____
                        JEFF TILLMAN
                        President, South Tahoe Refuse Company


Date:__11/5/09___       _____/S/ John D. Marchini_____
                        JOHN D. MARCHINI
                        Secretary, South Tahoe Refuse Company


Date:___11/5/09__       _____/S/Gloria Lehman_____
                        GLORIA LEHMAN
                        Treasurer, South Tahoe Refuse Company


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Jeffrey K. Rahbeck, Esq.

Title: Corporate Attorney

Address:  P.O. Box 435,
          Zephyr Cove, NV 89448