John C. Cruden
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
Karl J. Fingerhood, Senior Counsel
Andrew J. Doyle, Attorney
P.O. Box 7611
Washington, DC  20044
(202) 514-7519 & 514-4427
karl.fingerhood@usdoj.gov, andrew.doyle@usdoj.gov
Attorneys for United States of America

Thomas M. Bruen (SBN:  63324)
Law Offices of Thomas M. Bruen
A Professional Corporation
1990 N. California Boulevard, Suite 620
Walnut Creek, CA  94596
(925) 295-3137
tbruen@tbslaw.com
Attorney for El Dorado County, California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>EL DORADO COUNTY, CALIFORNIA, et al.,<br><br>          Defendants.<br><br>AND RELATED ACTIONS. | No.  2:01-cv-1520-MCE-DAD<br><br>**SETTLEMENT AGREEMENT AND MODIFICATION OF PARTIAL CONSENT DECREE (ECF No. 389); ORDER THEREON** |

WHEREAS in August 2010 the Court entered a Partial Consent Decree (ECF No. 389) between Plaintiff United States of America ("Plaintiff" or "United States"), on behalf of the United States Department of Agriculture, Forest Service ("Forest Service"), and Defendant El Dorado County, California ("County" or "Settling Defendant");

WHEREAS in April 2011 the County filed a Motion for Construction, Enforcement, and Modification of Partial Consent Decree ("County's Motion");

WHEREAS the United States opposed that motion;

WHEREAS in July 2011 the Court issued a Memorandum and Order granting the County's Motion (ECF No. 416);

WHEREAS in January 2013 the United States Court of Appeals for the Ninth Circuit dismissed as premature the United States' appeal of the Court's July 2011 Memorandum and Order (704 F.3d 1261);

WHEREAS in October 2014 the Court order the Parties to file briefs regarding the extent of the United States' liability under the County's Motion (ECF No. 445);

WHEREAS the Parties desire to resolve the County's Motion, as well as certain other contested matters set forth herein regarding the Partial Consent Decree, without further litigation or appeal;

WHEREAS the Parties desire to enter into this Settlement Agreement and Modification of Partial Consent Decree ("SA/MPCD"); and

THEREFORE, the Parties agree, and the Court orders, as follows:

1.  As soon as reasonably practicable after the Effective Date[1] of this SA/MPCD, the United States, on behalf of the Forest Service, shall pay to the County $4,100,000 to resolve any and all claims alleged by the County in conjunction with the County's Motion as well as any and all claims that the County had, has, or may have arising out of the transaction or occurrence that is the subject matter of the County's

---

[1] "Effective Date" shall be the date upon which this SA/MPCD is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving this SA/MPCD, the date such order is recorded on the Court docket.

Motion.

2.   The United States shall make the payment required by Paragraph 1 of this SA/MPCD in accordance with instructions, to be provided by the County promptly after the Effective Date of this SA/MPCD.

3.   In the event that payment required by Paragraph 1 of this SA/MPCD is not made within 45 days of the Effective Date of this SA/MPCD, Interest[2] on the unpaid balance shall be paid commencing on the 46th day after the Effective Date of this SA/MPCD and accruing through the date of the payment.

4.   Paragraph 1 of this SA/MPCD also resolves any and all claims the County has, had, or may have to recover any or all of Settling Defendant Excess Future OU-1 Construction Costs under the Partial Consent Decree.

5.   Within 30 days of receiving the payment required by Paragraph 1 of this SA/MPCD, the County shall pay to the Forest Service $500,000 to resolve any and all claims the United States, on behalf of the Forest Service, has, had, or may have to recover any or all Interim Response Costs and Future Response Costs associated with OU-1.  Such payment by the County shall also resolve any and all claims the County has, had, or may have against the United States based on any contention that the Forest Service is liable for all or part of such Interim Response Costs or Future Response Costs.

6.   The County shall make the payment required by Paragraph 5 of this SA/MPCD in accordance with instructions, to be provided by the United States promptly after the Effective Date of this SA/MPCD.

7.   Upon receipt of the County's payment required by Paragraph 5 of this SA/MPCD, the Forest Service shall deposit such amount into the Meyers Landfill

---

[2] "Interest," "Settling Defendant Excess Future OU-1 Construction Costs," "Interim Response Costs," "Future Response Costs," "Meyers Landfill Special Account," "Operation and Maintenance," "Work," and other intra-sentence capitalized words or phrases shall have the same meaning as provided by the Partial Consent Decree except to the extent applied to and modified by this SA/MPCD.

Special Account to be retained and used by the Forest Service solely to conduct or finance response actions at or in connection with the Site.

8. Within 30 days of receiving the payment required by Paragraph 1 of this SA/MPCD, the County shall establish and fund an interest-bearing trust in the amount of $2,700,000 to be used for OU-1 Operation and Maintenance ("O&M"). The County shall establish and fund such trust in accordance with instructions, to be provided by the United States promptly after the Effective Date of this SA/MPCD. Any fees required to establish or maintain the trust shall be subtracted from the $2,700,000 funding.

9. The County shall not seek to recover from the United States any of the funds required to establish the trust required by Paragraph 8 of this SA/MPCD. Likewise, after the completion of such funding by the County, the United States shall not seek to recover from the County any additional funds for OU-1 O&M, including any fees of any sort for the establishment and maintenance of the trust.

10. Upon the earlier of the (1) County's (a) payment of the $500,000 required by Paragraph 5 of this SA/MPCD and (b) establishment and funding of the trust required by Paragraph 8; or (2) 75 days after the Effective Date, the County shall be relieved of any and all Work or payment obligations under the Partial Consent Decree associated with OU-1, including but not limited to:  conducting additional Work associated with OU-1; obtaining an OU-1 Certificate of Completion from the Forest Service; paying Future Response Costs associated with OU-1, conducting OU-1 O&M, and paying Past, Interim, or Future Oversight Costs associated with OU-1 O&M (the "OU-1 Release"). If the OU-1 Release takes effect because of clause (2) in the preceding sentence, and the County fails to timely make the $500,000 payment required by Paragraph 5 or fails to timely establish and fund the trust required by Paragraph 8, the OU-1 Release shall be suspended and rendered ineffective as of the first day of such noncompliance, and the period of suspension and ineffectiveness shall continue until the County cures any such noncompliance (at which time the suspension shall lift and the OU-1 Release shall again be effective).

11. Paragraphs 18, 91, and 95 of the Partial Consent Decree in their entirety are vacated.  Subparagraphs (a) and (i) of Paragraph 94 are also vacated.

12. Paragraph 92 of the Partial Consent Decree is modified as follows: Notwithstanding any other provision of the Partial Consent Decree or this SA/MPCD, the United States reserves, and the Partial Consent Decree and SA/MPCD are without prejudice to, the right to institute a new action or to issue an administrative order, seeking to compel the County to perform further response actions at OU-1 and/or to pay the United States for additional costs of response at OU-1 if, (a) subsequent to December 31, 2013, (i) conditions at the Site, previously unknown to the Forest Service, are discovered, or (ii) information, previously unknown to the Forest Service, is received, in whole or in part, and (b) the Forest Service determines that these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.  As of the date the United States executes this SA/MPCD, the Forest Service represents that it has no such knowledge as to (a) and (b) in the preceding sentence.

13. Paragraph 93 of the Partial Consent Decree is modified as follows:  For purposes of Paragraph 92, the information and conditions known to the Forest Service shall include only that information and those conditions known to the Forest Service as of December 31, 2013 and set forth in the OU-1 ROD Decision, the administrative record supporting the OU-1 ROD, the post-OU-1 ROD administrative record, or in any information received by the Forest Service pursuant to the requirements of the Partial Consent Decree prior to December 31, 2013.

14. With respect to Paragraph 67 of the Partial Consent Decree, the phrase "December 31, 2015" shall be substituted for the phrase "the first anniversary of the Forest Service's Certification of Completion of the Remedial Action for OU-1 pursuant to Subparagraph 49.b. of Section XIV (Certification of Completion)."  With respect to Paragraph 112 of the Partial Consent Decree, the phrase "December 31, 2024" for the

phrase "ten years after Settling Defendant's receipt of the Service's notification pursuant to Paragraph 49.b of Section XIV (Certification of Completion of the Remedial Action)."

15. The Partial Consent Decree (ECF No. 389) is incorporated by reference herein (including, for example, Section IV's definitions -- as reflected in footnote 2 of this SA/MPCD), except as modified by this SA/MPCD or rendered irrelevant by events occurring subsequent to the Effective Date of the Partial Consent Decree.

16. Upon the United States' payment pursuant to Paragraph 1 of this SA/MPCD, the Court's Memorandum and Order of July 2011 (ECF No. 416) and all related Orders are vacated and superseded by this SA/MPCD.

FOR THE UNITED STATES OF AMERICA:

                JOHN C. CRUDEN
                Assistant Attorney General
                Environment and Natural Resources
                  Division
                United States Department of Justice

8/10/2016                 _____/s/_____
                KARL J. FINGERHOOD
                Senior Counsel
                Environmental Enforcement Section
                Environment and Natural Resources
                  Division
                United States Department of Justice

8/10/2016                 _____/s/_____
                ANDREW J. DOYLE
                Trial Attorney
                Environmental Defense Section
                Environment and Natural Resources
                  Division
                United States Department of Justice

FOR THE UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE:

6/07/2016                                 _____/s/_____
                                                               RANDY MOORE
                                                               Regional Forester
                                                                United States Department of Agriculture
                                                               Forest Service
                                                               1323 Club Drive
                                                               Vallejo, California  94592

FOR THE COUNTY OF EL DORADO, CALIFORNIA:

Date:  3/08/2016                          Signature:  _____/s/_____
                                                          Name (Print):  Ron Mikulaco
                                                          Title:   Chair, Board of Supervisors
                                                          Address:   330 Fair Lane
                                                                     Placerville, CA  95667

    IT IS SO ORDERED.

Dated:  September 23, 2016

                                                                     MORRISON C. ENGLAND, JR
                                                                     UNITED STATES DISTRICT JUDGE